**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**$260,242.00 UNITED STATES
CURRENCY, Defendant,**

**Richard Frawley, Claimant–Appellant.**

**No. 90–8434**

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 18, 1990.

---

**10.** We note that, in the event Emery's liability is established, neither party contests the amount of damages awarded by the district court.

Steven H. Sadow, Atlanta, Ga., for claimant-appellant.

Carla A. Ford, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before FAY, KRAVITCH and DUBINA, Circuit Judges.

PER CURIAM:

Claimant Richard Frawley appeals the district court's grant of the government's motion to strike Frawley's claim to the funds at issue in this forfeiture action. In the alternative the appellant requests a remand so that he may move to amend his claim. We hold that the district court was correct in finding that Frawley's claim for the money was improper for failure to name his bailor. We also hold, however, that Frawley should be permitted to amend his claim in light of this opinion.

The forfeiture arose from a search incident to an arrest. Government undercover agents arrested Daryl Forker on drug charges. The agents then searched the car driven by Forker, but registered to claimant Frawley, and found a box containing the $260,242. The government filed forfeiture proceedings, asserting that the money was to be used to purchase marijuana. Upon notice of the forfeiture, Frawley filed a claim to the money on the ground that he was the bailee of the money. His claim was silent on the issue of a bailor; it did not identify a bailor, nor did it state whether or not Frawley could or would identify such a person. After several months, which included a stay of discovery on agreement of the parties, the district court granted the government's motion to strike the claim.

Appellant argues that he did not have to state the bailor in his original claim. He asserts he had constructive possession of the money because it was seized from the trunk of his car, and that such constructive possession is sufficient for constitutional standing. He further argues that Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims does not require that he state a bailor in order to establish standing, at least not in his initial claim.[1]

Frawley is correct that he had constitutional standing. He had constructive possession of the money in his trunk, and a possessory interest generally is constitu-

---

1. In *United States v. $38,000,* 816 F.2d 1538 (11th Cir.1987) this circuit held that the Supplemental Rules apply to forfeiture actions. *Id.* at 1545 & n. 13.

**688**

tionally sufficient for claims in forfeiture actions. *United States v. $38,000*, 816 F.2d 1538, 1544 (11th Cir.1987). Because he does not claim the money as his, however, but argues that he was a bailee, we must determine whether he had sufficient statutory standing. Rule C(6) states:

> The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee, or attorney is duly authorized to make the claim.

Contrary to the appellant's assertion, the plain language of this rule does not permit him simply to state that he is a bailee; he must state that he is "duly authorized to make the claim." The Fifth Circuit has held that one claiming to have been acting as a bailee or assignee in a forfeiture action must identify the owner of the property. *United States v. $321,470*, 874 F.2d 298, 304 (5th Cir.1989). We find that such a requirement comports with and gives full effect to Rule C(6)'s language requiring due authorization. A bailee must assert for whom he acts.

We reject Frawley's contention that the lack of discovery in this action requires that we remand. Presumably, Frawley knows for whom he acted and does not need discovery to assert the true owner of the money. Because this circuit has not ruled on this specific issue previously, however, we will not hold appellant to knowledge of the requirement that he name the bailor. We therefore vacate the order of the district court and remand with instructions that the district court allow claimant an opportunity to amend his claim and name his bailor.

VACATED and REMANDED.