[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10880
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cv-80359-KLR

JULIEN GARCON,

Plaintiff - Appellant,

versus

JOSEPH ALBERT VAN REETH, JR.,
RICHARD BIRCH,
WEST PALM BEACH POLICE DEPARTMENT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 4, 2013)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Julien Garcon, a federal prisoner proceeding *pro se*, sued Joseph Van Reeth, Jr., and Richard Birch, two West Palm Beach police officers, and the West Palm Beach Police Department (the Department)[1] under 42 U.S.C. § 1983 claiming, *inter alia*, that he did not receive notice before the forfeiture of $48,865 seized in 2005 from an apartment where he lived.  When the two officers filed a Rule 12(b)(6) motion to dismiss the complaint with exhibits attached, the district court informed Garcon it intended to treat the motion as one for summary judgment under Rule 56 and permitted him to respond.  After Garcon did so, however, the district court dismissed his case based solely on Rule 12(b)(6) standards.  Yet, in dismissing the complaint for failure to state a claim, the district court cited the evidence the parties had filed.  Garcon appeals that order.

## I.

In 2005, Garcon was living part-time in a West Palm Beach apartment rented to Shari Morant.  Morant gave notice to building management that she intended to vacate the apartment on December 8, 2005.  On December 12, management entered the apartment, observed a firearm, and called police.  Police searched the apartment and ultimately found guns and $48,865 in cash.

In March 2007, police arrested Garcon at another West Palm Beach apartment, which they also searched.  Subsequently, Garcon was indicted for being

---

[1] It does not appear that the Department was served with process before the district court entered judgment.

a felon in possession of a firearm.  During the proceedings in his criminal case, Garcon moved to suppress evidence obtained as a result of the 2005 search, claiming the search was unlawful.  But, as relevant here, the district court denied the motion, Garcon was tried and convicted, and we affirmed.  *United States v. Garcon* (*Garcon I*), 349 F. App'x 377 (11th Cir. 2009) (unpublished).

Later, Garcon moved under Federal Rule of Criminal Procedure 41(g) for the return of property seized in the two searches, including the $48,865 in currency.  In that motion, he argued that he had not received notice before the cash was forfeited.  The district court denied the motion, and we affirmed, holding that "because that money had been turned over to the . . . Department, and ultimately was forfeited," the federal government "no longer had possession of the currency [and therefore] did not have the ability to return it to Garcon."  *United States v. Garcon* (*Garcon II*), 406 F. App'x 366, 370 (11th Cir. 2010) (unpublished).

In November 2010, Garcon filed an action in federal court based on *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, in which he sought return of property seized as a result of the 2007 search.  Garcon named Van Reeth, Jr., and Birch, but not the Department, as defendants in that suit, along with five others.  A magistrate judge recommended the *sua sponte* dismissal of "[a]ll claims for return of property" under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and the district court adopted that

recommendation. *Garcon v. Reavis* (*Garcon III*), No. 10-81471, 2011 WL 1322526 (S.D. Fla. Apr. 6, 2011), *adopting* 2011 WL 1331481 (S.D. Fla. Feb. 25, 2011). Importantly, however, Garcon made no claim in that case about the 2005 search and did not seek return of the $48,865. And the magistrate judge's report, although mentioning Garcon's earlier Rule 41(g) claim for return of the funds, did not relate to the 2005 search or the forfeited cash.[2]

Garcon filed this action in April 2011, claiming the officers unlawfully searched his apartment in 2005, he never received notice before the Department forfeited the currency seized in 2005, and he was deprived of a jury trial in the forfeiture proceedings. Officers Birch and Van Reeth, Jr., moved to dismiss the complaint for failure to state a claim but appended to that motion two exhibits: the affidavit of a DEA agent originally filed in connection with Garcon's criminal trial and the magistrate's report and recommendation from *Garcon III*. In directing Garcon to file a response, the district court notified Garcon it intended to treat that motion as a Rule 56 motion for summary judgment. Garcon responded with a series of filings that included an affidavit in which he swore that he was the sole owner of the $48,865, that the money was not in any way associated with illegal activity, and that he had never received notice the Department intended to forfeit it.

---

[2] Garcon asserts that, at some point, he filed an action in Florida state court about the seized $48,865, the ultimate disposition of which is unclear to us. Because neither party discusses it, we do not consider what effect, if any, that parallel state action should have on these proceedings.

A magistrate judge issued a report and recommendation (R&R) in November 2011 that the officers' motion be granted.   Despite the previous indication that the court intended to treat the motion as one for summary judgment, the R&R recited only Rule 12(b)(6) legal standards and concluded the motion was due to be granted because "Garcon ha[d] failed to state a claim upon which relief may be granted."  Citations in the R&R, however, referred to both the officers' and Garcon's evidentiary supplements.  Based upon *Garcon III* and the facts and arguments made in *Garcon II*, the magistrate judge recommended Garcon's claims be dismissed as barred either by res judicata or collateral estoppel.  Garcon objected on several grounds, but the district court adopted the R&R and dismissed his case.  This is Garcon's appeal.

## II.

Initially, we observe that it is unclear how the district court disposed of Garcon's case.  The officers' motion was denominated as a motion to dismiss, but included evidence.  The district court warned Garcon that it intended to treat the motion as one for summary judgment, and Garcon responded by filing evidence of his own.  The district court's order cited that evidence, but recited only Rule 12(b)(6) standards.  It is unnecessary for us to untangle what the district court did, however, because its ruling is not properly before us as to two of Garcon's claims and erroneous as to the other regardless of whether we characterize it as a

5

summary judgment or a dismissal for failure to state a claim. We review both a dismissal for failure to state a claim and the grant of summary judgment *de novo*. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012) (Rule 12(b)(6)); *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (Rule 56).

### III.

The R&R stated that Garcon's "sole claim" in this case was that he never received notice of the forfeiture of the $48,865. But Garcon's complaint contained two other claims: that the officers "entered the residence in bad faith and without probable cause," and that they deprived him of his "right to a jury trial before his property could be forfeited . . . ." Nothing in the R&R, or the district court's order adopting it, addressed either of these two claims. Nevertheless, in his initial brief, Garcon makes no argument with respect to those to claims. He has therefore abandoned any contention that the district court erred in dismissing them. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that issues not addressed in a *pro se* appellant's initial brief are deemed abandoned).

### IV.

In this case, Garcon also claimed the "Defendants denied [him] constitutionally adequate notice of administrative forfeiture in violation of [his] [F]ifth Amendment due process rights." He argues the district court erred in

6

finding that claim was barred by either res judicata or collateral estoppel.  The

district court's decisions were based upon Garcon's previous § 1983 suit, *Garcon*

*III*, and his Rule 41(g) motion for return of the funds, *Garcon II*.  Thus, we apply

federal preclusion principles.  *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280,

1285 (11th Cir. 2004).

Res judicata bars a party from relitigating any cause of action arising from

the same nucleus of operative fact as a previous case between the same parties or

their privies that ended in a final judgment on the merits rendered by a court of

competent jurisdiction.  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296-97 (11th

Cir. 2001).    The district court based its decision that res judicata precluded

Garcon from asserting his claim he was entitled to notice of the forfeiture on

*Garcon III*.  But the claims in *Garcon III* related exclusively to the March 2007

search.  Although the magistrate judge's report in *Garcon III* referenced the

December 2005 seizure, no allegation in the complaint related to 2005 or the

$48,865 in cash.  2011 WL 1331481, at *2, *4.  Nor is Garcon's claim that due

process required that he receive notice before those funds were forfeited so related

to his prior claims that he was required to assert it in *Garcon III* or lose the chance

to do so.  "[T]he test for 'common nucleus of operative fact' as defined for

purposes of res judicata is not simply one of whether the two claims are related to

or may materially impact one another.  The underlying core of facts must be the

7

same in both proceedings." *Id.* at 1301.  The core facts of this case and *Garcon III*

relate to two completely different searches and forfeitures several years apart.  Res

judicata does not bar Garcon's notice-of-forfeiture claim.

The district court was also mistaken in finding that Garcon's claim was

foreclosed by collateral estoppel.  Collateral estoppel prevents a party who

previously had a full and fair opportunity to litigate an issue actually litigated and

decided as a necessary part of a prior judgment from challenging that same issue

again.  *CSX Transp., Inc. v. Brotherhood of Maint. of Way Emps.*, 327 F.3d 1309,

1317 (11th Cir. 2003).  Garcon filed a Rule 41(g) motion in *Garcon II* to recover

the same $48,865 at issue in this case.[3]  The district court denied that motion and

we affirmed.  *Garcon II*, 406 F. App'x at 371.  But we did so because the federal

government did not have the funds, not because we found that Garcon was not

entitled to notice.  *Id.* at 370.  Because the issue of notice was not a necessary part

of the judgment in *Garcon II*, Garcon is not collaterally estopped from arguing it

here.[4]

---

[3] The district court also found Garcon collaterally estopped from litigating his notice-of-forfeiture claim based upon *Garcon III*.  But that is not so for the same reason res judicata does not bar the claim; it was not at issue or actually litigated in that case.

[4] Nonetheless, we observe that Garcon argues that Morant withdrew her notice to vacate the apartment; that he had a secondary leasehold interest in the apartment; and that Morant was a holdover tenant at the time of the December 2005 search.  But the district court in Garcon's criminal case, after evidentiary hearings and argument, made explicit factual findings contrary to each of these contentions in rejecting Garcon's motion to suppress evidence obtained from the search, and we affirmed.  *United States v. Garcon*, 2008 WL 60405, at *1, *9-10 (S.D. Fla, Jan. 3, 2008) (unpublished), *aff'd*, 349 F. App'x 377 (11th Cir. 2009) (unpublished).  Those factual

The officers assert that, even if the district court was wrong about res judicata and collateral estoppel, we may affirm on any one of several alternative bases. None of their contentions are persuasive.

The officers argue the money was not actually seized, therefore no forfeiture occurred, and, as a result, they were not required to satisfy any due process requirement. We reject this contention. Garcon alleged the officers seized the funds. And the officers cite no evidence to support their argument. Indeed, in the affidavit appended to their motion to dismiss, a DEA special agent averred: "During the December 12, 2005 search, Agents from the West Palm Beach Police Department *seized* $48,865 in U.S. Currency from inside" the apartment, and "the entire $48,865 was [later] forfeited . . . ." (emphasis added).

The officers also claim Garcon does not, as a matter of law, have standing to receive notice. "If a claimant lacks Article III standing to challenge a forfeiture, this Court does not have jurisdiction to consider the claim." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006). "[A] possessory interest generally is constitutionally sufficient for claims in forfeiture actions." *United States v. $260,242.00 in U.S. Currency*, 919 F.2d 686, 687-88 (11th Cir. 1990). "Property

---

determinations were necessary parts of the court's rejection of Garcon's motion, and Garcon is estopped from arguing to the contrary in this case. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (stating that issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim").

interests for purposes of procedural due process are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) (internal quotation marks omitted). Currency that has been used in connection with criminal activity may be seized and forfeited pursuant to the Florida Contraband Forfeiture Act. Fla. Stat. Ann. §§ 932.701(2)(a), 932.703. The Florida Forfeiture Act "defines 'person entitled to notice' as 'any owner . . . or person in possession of the property subject to forfeiture when seized, who is known to the seizing agency after a diligent search and inquiry." *Velez v. Miami-Dade Cnty. Police Dep't*, 934 So. 2d 1162, 1164 (Fla. 2006) (quoting § 932.701(2)(e)). In his complaint, Garcon alleged that he owned the cash the police seized. And Garcon swore in his affidavit he was the owner of the funds. The officers have presented no evidence to contradict that assertion, and we therefore have no basis upon which to conclude he does not have standing to pursue his claim that due process required he have notice before forfeiture of the funds. [5]

V.

For the foregoing reasons, we **AFFIRM** the district court's ruling with respect to Garcon's unlawful-search and jury-trial claims, but **REVERSE** the

---

[5] Although the officers initially moved for dismissal on the basis that Garcon's claims were filed outside of the applicable limitations period, they have abandoned that contention by failing to argue it on appeal. *See N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 n.4 (11th Cir. 2008).

court's dismissal of the notice-of-forfeiture claim and **REMAND** for further

proceedings consistent with this opinion.