# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1515

_____

United States of America

*Plaintiff - Appellee*

v.

$154,853.00 in U.S. Currency, More or Less

*Defendant*

Chaim Marcus

*Claimant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 18, 2013
Filed: March 4, 2014

_____

Before BYE, BRIGHT, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Chaim Marcus seeks the return of $154,853.00 in U.S. currency seized during a traffic stop. Marcus appeals the district court's grant of the government's motion to

strike his verified claim and amended verified claim, its order forfeiting the currency, and its denial of his motion for summary judgment. We affirm in part, reverse in part, and remand.

I

On April 4, 2012, while driving a car with Pennsylvania plates traveling westbound on Interstate 80 in Iowa, Marcus was stopped by an Iowa state trooper for speeding. During the stop, Marcus appeared nervous and was shaking and sweating. The trooper asked Marcus if he had any drugs or large amounts of currency inside the car. The trooper asked Marcus for permission to search the vehicle, but Marcus declined to give his consent. The trooper then deployed his drug dog, who positively indicated to the odor of narcotics in the car.

During a search of the car, the trooper found a black duffle bag in the trunk. When asked what was inside the bag, Marcus stated, "I don't know." The bag had an overwhelming odor of marijuana and inside was marijuana shake as well as a large sum of U.S. currency in heat-sealed packages and a cell phone tracking device. When asked if he knew how much money was in the bag, Marcus stated he had never counted it and said someone had given him the money. The bag contained a total of $154,853.00.

When exiting the trooper's car, a pill fell out of Marcus's front pants pocket. The trooper believed it to be an amphetamine pill. Marcus was arrested for possession of marijuana and possession of a Schedule II drug without a prescription. The charges were later dismissed.

Following his arrest, Marcus signed a Disclaimer of Ownership of Assets and Waiver of Rights to Notice of Seizure form stating he was not the owner of the

$154,853 found in the bag and had no claim for its return, that the owner of the money was unknown, and that it had been given to him by another person.

On August 9, 2012, the government filed a Verified Complaint in rem alleging the currency seized was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). On August 31, 2012, Marcus filed a Verified Claim to the currency, which stated simply, "Claimant, Chaim Marcus, hereby claims the seized U.S. Currency in the amount of $154,853, more or less. Claimant has an ownership and possessory interest in the seized U.S. currency." On September 19, 2012, Marcus filed an Answer to the Verified Complaint in rem.

On September 21, 2012, the government submitted special interrogatories provided for by Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (the "Supplemental Rule") requesting information pertaining to Marcus's relation to the currency. Marcus responded to each interrogatory with the same response:

> I object to answering this interrogatory for the reason that any answer I would give would be evidence derived from prior violations of the Fourth Amendment and Fifth Amendment to the United States Constitution and that I claim the Fourth Amendment and Fifth Amendment exclusionary rules as a privilege against answering at this time.

The government moved to strike Marcus's Verified Claim for failure to sufficiently state his interest in the currency as required by Supplemental Rule G(5). The district court granted the motion to strike, ruling Marcus had not sufficiently stated his interest in the currency. However, the court allowed Marcus time to file an amended claim.

Marcus then filed an Amended Verified Claim in which he stated:

> Claimant has an ownership and possessory interest in the seized U.S. Currency. $4,500.00 more or less of the U.S. Currency was found on Claimant's person and earned by Claimant through his employment. The remaining $150,353 more or less of the U.S. Currency was given to Claimant by another person with Claimant as bailee.

Marcus did not identify the bailor. However, he did object to being required to provide any additional information under the Fourth Amendment and Fifth Amendment privileges. Marcus also filed a motion for summary judgment, in which he alleged the search of the vehicle violated the Fourth Amendment and, as such, the currency should be returned to him.

The district court struck Marcus's Amended Verified Claim, concluding it did not comply with the requirements of Supplemental Rule G(5)(a)(iii), which requires that on asserting an interest in currency as a bailee, the claimant must identify the bailor. The district court also found Marcus's answers to the special interrogatories to be insufficient and struck the Amended Verified Claim for failure to comply with Supplemental Rule G(6). The district court did not give Marcus an opportunity to file another amended claim. The district court then denied Marcus's motion for summary judgment as moot. On February 5, 2013, the district court issued an Order of Forfeiture.

## II

Marcus first argues the district court abused its discretion in granting the government's motion to strike his verified claim for failure to comply with Supplemental Rule G(5).

The district court's striking of a claim in a civil forfeiture case is reviewed for abuse of discretion. United States v. Three Parcels of Real Prop., 43 F.3d 388, 391 (8th Cir. 1994). "An abuse of discretion occurs when the district court rests its conclusions on clearly erroneous factual findings or erroneous legal conclusions." Lankford v. Sherman, 451 F.3d 496, 503-04 (8th Cir. 2006).

The district court struck Marcus's Verified Claim for failure to comply with Supplemental Rule G(5), which requires the claim to "identify the claimant and state the claimant's interest in the property[.]" Fed. R. Civ. P. Supp. R. G(5)(a)(i)(B). The claimant's interest in the property must be stated with some level of specificity. See Three Parcels of Real Prop., 43 F.3d at 391-93 (affirming striking of claims which failed to specifically identify claimants' interest in the properties); United States v. $104, 674.00, 17 F.3d 267, 268-69 (8th Cir. 1994) (affirming default judgment where claims made "only a general attempt to state the nature of the interest").

Here, Marcus's Verified Claim simply stated, "Claimant, Chaim Marcus, hereby claims the seized U.S. Currency in the amount of $154,853, more or less. Claimant has an ownership and possessory interest in the seized U.S. currency." Although Marcus identified the specific property he claimed, he made only a general assertion of his interest in the $154,853, providing no level of specificity. Marcus's blanket assertions did not sufficiently identify his interest in the $154,853. Therefore, the district court did not abuse its discretion in striking Marcus's Verified Claim.

III

Marcus next argues the district court abused its discretion in granting the government's motion to strike his Amended Verified Claim.

A

The first issue is whether Marcus sufficiently claimed a possessory interest in the portion of the currency he alleged he held as bailee. The district court concluded Marcus failed to meet the requirements of Supplemental Rule G(5) as it pertains to the amount in which Marcus claims a possessory interest as bailee — $150,353.00.

Under Supplemental Rule G(5), a "claim filed by a person asserting an interest as a bailee must identify the bailor[.]" Fed. R. Civ. P. Supp. R. G(5)(a)(iii). See also 18 U.S.C. § 983(d)(6)(B)(ii). Other courts have noted the failure to identify the bailor precludes statutory standing and justifies a court's striking of the claim. See United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1011 (9th Cir. 2013); United States v. $500,00.00 in U.S. Currency, 591 F.3d 402, 405 (5th Cir. 2009); United States v. $26,242.00 in U.S. Currency, 919 F.2d 686, 688 (11th Cir. 1990); United States v. $746,198.00 in U.S. Currency, 299 F. Supp. 2d 923, 933 (S.D. Iowa 2004).

Here, Marcus provided no information as to the identity of the bailor. His Amended Verified Claim simply stated, in pertinent part, "The remaining $150,353.00 more or less of U.S. Currency was given to [Marcus] by another person with [Marcus] as bailee." Merely stating "another person" does not sufficiently identify the bailor and, thus, Marcus did not satisfy the requirements of Supplemental Rule G(5)(a)(iii) or 18 U.S.C. § 983(d)(6)(B)(ii).

Therefore, the district court did not abuse its discretion in concluding Marcus failed to meet the requirements of Supplemental Rule G(5) as it pertains to the $150,353.00 in which Marcus claims a possessory interest as bailee.

B

The next issue is whether Marcus sufficiently claimed an ownership interest in the remaining $4,500 Marcus claimed he earned through his employment. The district court struck Marcus's Amended Verified Claim as to this amount, concluding Marcus failed to satisfy the requirements of Supplemental Rule G(6).

Supplemental Rule G(6) provides that "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Fed. R. Civ. P. Supp. R. G(6)(a). "The purpose of the rule is 'to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing.'" United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 635 (9th Cir. 2012) (quoting Supplemental Rule G advisory committee's note (subdivision (6))).

On September 21, 2012, the government served ten special interrogatories on Marcus pursuant to Supplemental Rule G(6). The interrogatories sought information regarding Marcus's relationship to the seized currency. Marcus submitted responses on November 30, 2012. However, he provided a limited response to each of the interrogatories:

> I object to answering this interrogatory for the reason that any answer I would provide would be evidence derived from prior violations of the Fourth and Fifth Amendment to the United States Constitutions and that I claim the Fourth Amendment and Fifth Amendment exclusionary rules as a privilege against answering at this time.

The district court concluded Marcus's grounds for refusal were insufficient to satisfy Supplemental Rule G(6). However, in so concluding, the district court noted

"Supplemental Rule G(6) plays a 'special role' in determining claim standing[.]" Further, in its brief, the government also acknowledged the role of special interrogatories, noting, "[t]he purpose of special interrogatories provided for in Supplemental Rule G(6) is to allow the government the ability to determine at the outset whether claimants have standing to contest forfeiture of the defendant property." Gov't br. p. 20. In addition, during oral argument, the government's counsel conceded Marcus's standing as to the $4,500 allegedly earned through his employment, stating, "I think that's enough to give him standing. I think that meets the statutory standing for that portion of money. Absolutely, I agree that it does . . . . But he did have statutory standing for the $4,500. I do agree with that."

Therefore, it is unclear why the district court struck the claim as to the $4,500 Marcus claimed to have earned "through his employment." Such a claim appears sufficient to state a colorable "ownership interest" as required by 18 U.S.C. § 983(d)(6)(A), as Marcus would certainly have an ownership interest in earned income. If Marcus had already established standing as to the $4,500, as the government concedes, then special interrogatories were unnecessary to determine his standing as to that currency. Thus, the district court abused its discretion in striking Marcus's Amended Verified Claim as to the $4,500 for failure to adequately respond to the special interrogatories when no special interrogatories were necessary to determine standing.

C

Marcus also contends the district court abused its discretion in striking his claims without first addressing the constitutional privileges he asserted. Yet, Marcus's refusal to answer the special interrogatories on the asserted basis of his Fourth and Fifth Amendment privileges did not preclude the district court from striking his claims. See United States v. $148,840.00 in U.S. Currency, 521 F.3d 1268, 1273-74

(10th Cir. 2008) ("A claimant's decision to invoke the Fifth Amendment's protection against self-incrimination . . . does not decrease his burden of establishing standing[.]"). See also Fed. R. Civ. P. Supp. R. G(8)(a) ("[A] party with standing to contest the lawfulness of the seizure may move to suppress the use of the property as evidence."). Further, Supplemental Rule G(8)(c) requires the government's motion to strike a claim or answer "must be decided before any motion by the claimant to dismiss the action." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A). Thus, the district court was not required to address Marcus's constitutional claims before addressing the government's motions to strike.

However, because the district court struck Marcus's Amended Verified Claim, it denied his motion for summary judgment as moot. Because Marcus's Amended Verified Claim should not have been struck as to his claim for the $4,500, similarly, his motion for summary judgment should not have been denied without consideration. Therefore, on remand, the district court can address Marcus's constitutional claims when it considers his motion for summary judgment.

IV

Based on the foregoing, we reverse the order dismissing Marcus's Amended Verified Claim as to $4,500.00 of the currency, vacate the order of forfeiture, and remand this matter to the district court for further proceedings consistent with this opinion.

_____