# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3646

_____

United States of America

*Plaintiff - Appellee*

v.

$579,475.00 in U.S. Currency

*Defendant*

LNG Express, Inc.

*Claimant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 21, 2017
Filed: January 10, 2018

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

LNG Express, Inc. (LNG) appeals the district court's[1] order striking its verified claim in this civil forfeiture proceeding. We conclude that LNG's verified claim is materially indistinguishable from the claim a panel of our court found inadequate in United States v. $154,853.00 in U.S. Currency, 744 F.3d 559 (8th Cir. 2014). We therefore affirm.

In September 2014, an Arkansas State Police officer initiated a traffic stop of a tractor trailer in Faulkner County, Arkansas. After the driver consented to a search of the truck, the officer found and seized two boxes containing a total of $579,475.00 in U.S. currency. The truck's drivers both disclaimed any knowledge of or interest in the currency.

Believing the currency to be "drug money," the government filed a verified complaint in the district court, seeking forfeiture of the currency under 21 U.S.C. § 881(a)(6). LNG filed a timely verified claim, averring in relevant part:

1. [LNG] has a claim to, interest in, and right to the property seized herein, specifically the defendant-in-rem, $579,475.00 in United States Currency, and demands its restitution and return.

2. The interest of [LNG] in the defendant-in-rem by virtue of which [LNG] demands its restitution, its return, and the right to defend the action is all of the right, title, and interest in said defendant-in-rem as the owner thereof.

The government moved to strike LNG's verified claim, presenting its motion as a motion for judgment on the pleadings.[2] The government argued that it was

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]The government alternatively presented its motion to strike as a motion for summary judgment. It is clear from the record, however, that the district court

entitled to judgment on the pleadings because LNG's verified claim failed to meet the threshold pleading requirement set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. According to the government, the verified claim did not identify LNG's interest in the currency with sufficient specificity. The district court granted the government's motion over LNG's opposition, and struck LNG's verified claim, finding it insufficient to meet Supplemental Rule G(5)'s threshold pleading requirement. In the absence of any other claims, the district court thereafter entered a decree of forfeiture, vesting title to the currency in the government.

After the government initiates a civil forfeiture proceeding, a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Fed. R. Civ. P. Supp. R. G(5)(a)(i). "The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney . . . ." Id. "At any time before trial, the government may move to strike a claim . . . for failing to comply with Rule G(5) . . . ." Fed. R. Civ. P. Supp. R. G(8)(c)(i).

We review the district court's striking of a claim in a civil forfeiture proceeding for an abuse of discretion. $154,853.00, 744 F.3d at 562. "An abuse of discretion occurs when the district court rests its conclusions on clearly erroneous factual findings or erroneous legal conclusions." Id. (quoting Lankford v. Sherman, 451 F.3d 496, 503–04 (8th Cir. 2006)). When ruling on a motion for judgment on the pleadings, the district court must accept the claimant's factual allegations as true and construe all reasonable inferences in the claimant's favor. Saterdalen v. Spencer, 725 F.3d 838, 841 (8th Cir. 2013). The district court generally may not consider materials outside the pleadings, but it may consider some public records, materials that do not

resolved the motion as one for judgment on the pleadings.

contradict the complaint, or materials that are "necessarily embraced by the pleadings." Id. (quoting Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008)).

The government argues that our previous panel opinion in United States v. $154,853.00 in U.S. Currency is dispositive in this appeal. In $154,853.00, the claimant initially filed a verified claim "claim[ing] the seized U.S. Currency in the amount of $154,853, more or less," and attesting that he "ha[d] an ownership and possessory interest in the seized U.S. currency." 744 F.3d at 561. The government moved to strike the claimant's initial verified claim for failure to sufficiently state his interest in the currency as required by Supplemental Rule G(5). Id. The district court granted the government's first motion to strike, but granted the claimant leave to file an amended verified claim. Id. at 562. In his amended verified claim, the claimant averred, in relevant part, that he "ha[d] an ownership and possessory interest in the seized U.S. Currency. $4,500 more or less of the U.S. Currency was found on Claimant's person and earned by Claimant through his employment." Id. The district court also struck the amended verified claim. Id.

In $154,853.00, we concluded that the district court had not abused its discretion by striking the claimant's first verified claim, reiterating this court's requirement that "[t]he claimant's interest in the property must be stated with some level of specificity." Id. (citing United States v. Three Parcels of Real Prop., 43 F.3d 388, 391–93 (8th Cir. 1994) and United States v. $104,674.00, 17 F.3d 267, 268–69 (8th Cir. 1994)). More particularly, we described the claimant's assertion of "an ownership and possessory interest in the seized U.S. currency" as "only a general assertion of his interest" in the funds, which provided "no level of specificity" and "did not sufficiently identify his interest." Id. at 563. We then held that the claimant's amended verified complaint had sufficiently stated a "colorable ownership interest" in $4,500 of the seized funds, in light of its additional attestation that the claimant had earned that portion of the funds "through his employment." Id. at 564.

This was because the claimant "would certainly have an ownership interest in earned income." Id. In light of the additional averment that $4,500 represented employment income, we held that the district court had abused its discretion by striking the claimant's amended verified claim to the extent he sought to contest the forfeiture of that portion of the seized funds. Id.

LNG attempts to distinguish the claim to ownership in its verified claim from the ownership claim we found inadequate in $154,853.00. More specifically, LNG contends that its verified claim satisfies the requirements of Rule G(5) because it includes a claim by LNG to "all the right, title, and interest in" the seized currency "as the owner thereof." In LNG's view, this statement remedies the deficiency our court identified in the verified claim in $154,853.00, which alleged only "an ownership interest" in the seized currency. LNG argues that, in $154,853.00, we found the claimant's ownership claim insufficient because it did not claim a full and complete ownership interest in the currency to the exclusion of all others. We disagree. A careful reading of our decision in $154,853.00 demonstrates that we found the ownership claim faulty not because of the scope of the claimed interest. Instead, we determined that the claimed interest was not described with sufficient specificity. Notably, the only difference between the ownership interest alleged in the claimant's initial verified claim (the striking of which we affirmed) and the one claimed in the amended verified claim (the striking of which we reversed as to the claimant's alleged interest in $4,500) was the claimant's additional averment that he had earned $4,500 of the seized currency from his employment. In short, we did not find the claimant's initial verified claim insufficient because it did not allege exclusive ownership of the currency; we deemed it inadequate because it did not identify the ownership interest with specificity.

LNG correctly notes that some of our sister circuits have declined to impose the same requirement of specificity that we require of verified forfeiture claims under Supplemental Rule G(5). In United States v. $196,969 U.S. Currency, the Seventh

Circuit held that a "bald assertion" of ownership would strictly comply with Supplemental Rule G(5)'s requirement that the claimant state what interest he has in the property. 719 F.3d 644, 646–47 (7th Cir. 2013). The Seventh Circuit explained that no "additional requirements can be extracted from the [rule's] terse and crystalline language," and expressly rejected that, to comply with Supplemental Rule G(5), a claimant must state "how he obtained possession of the currency," including, inter alia, a description of the transaction generating the currency. Id. at 646; see also United States v. Funds in the Amount of $239,400, 795 F.3d 639, 644 (7th Cir. 2015) ("[S]atisfying procedural requirements—not establishing 'legitimate' ownership—is all that Rule G asks of claimants aside from showing constitutional standing."). Similarly, the Sixth Circuit recently held that "[a]t the pleading stage, a verified claim of ownership is sufficient to satisfy Article III and the procedural requirements of Rule G." United States v. $31,000.00 in U.S. Currency, 872 F.3d 342, 348–54 (6th Cir. 2017); cf. United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 638 (9th Cir. 2012) ("At the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish [Article III] standing."). But cf. United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1112–13 (5th Cir. 1992) (a "bare assertion" of an ownership interest in seized property, without more, is inadequate to show Article III standing). But "[i]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoting Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002)). However persuasive these cases may be, we are bound by this court's panel opinion in $154,853.00.

LNG's claim to an ownership interest in the seized currency is materially indistinguishable from the claim this court deemed inadequate in $154,853.00, and we are therefore bound by Eighth Circuit precedent, which only the en banc court can overrule. The judgment of the district court is affirmed.

_____