# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3646

_____

United States of America,

*Plaintiff - Appellee,*

v.

$579,475.00 in U.S. Currency,

*Defendant,*

LNG Express, Inc.,

*Claimant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 25, 2018
Filed: March 8, 2019

_____

Before SMITH, Chief Judge, WOLLMAN, LOKEN, COLLOTON, GRUENDER, BENTON, SHEPHERD, KELLY, ERICKSON, GRASZ, and STRAS, Circuit Judges, En Banc.

_____

COLLOTON, Circuit Judge.

This appeal concerns the pleading requirements for a verified claim in a civil forfeiture proceeding. The case is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which supplement the Federal Rules of Civil Procedure. A prior decision of this court held that a claimant who contests a forfeiture must state its interest in the disputed property "with some level of specificity," and that "a general assertion" of an interest in property is insufficient to satisfy the governing rule of procedure. *United States v. $154,853.00*, 744 F.3d 559, 562-63 (8th Cir. 2014). The appellant in this civil forfeiture proceeding, LNG Express, Inc., asks us to reconsider the "specificity" requirement.

This case arises from a traffic stop conducted by the Arkansas State Police in September 2014. A state police corporal found two boxes containing $579,475.00 in the cab of a tractor trailer. The government sought to forfeit the money in the district court on the ground that it was "(1) money intended to be furnished in exchange for a controlled substance; (2) proceeds traceable to such an exchange; and (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act." *See* 21 U.S.C. § 881(a)(6).

LNG, a trucking company, filed a verified claim asserting "a claim to, interest in, and right to the property seized herein," and alleging that it was "the owner" of the seized currency. The government moved to strike LNG's claim for failing to comply with Supplemental Rule G(5). *See* Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A). On the point in dispute here, Rule G(5) requires that a claim in a civil forfeiture proceeding must "identify the claimant and state the claimant's interest in the property." *Id.* G(5)(a)(i)(B). The district court, consistent with our precedent in *United States v. $154,853.00*, ruled that LNG's claim was insufficient to meet the pleading requirements and struck the claim.

-2-

We now conclude that the "specificity" requirement imposed by our prior decision is not supported by the rule, and that LNG's claim was sufficient to comply with Rule G(5). A rule of civil procedure should be interpreted in accordance with its plain meaning. *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989). LNG, by asserting that it was "the owner" of the currency at issue, and that it had "a claim to, interest in, and right to the property," satisfied the requirement of Rule G(5) to "state the claimant's interest in the property." To impose a mandate that the claimant must provide more detail or specificity, such as information about how it obtained the funds at issue, would go beyond the sparse terms of the rule. *Accord United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 348-54 (6th Cir. 2017); *United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 646-47 (7th Cir. 2013).

The government contends that Rule G(5) does not state what level of specificity is required for a claim, and that the court should look to Supplemental Rule C and Federal Rule of Civil Procedure 8 to answer the question. While it is true that if Rule G does not address an issue, then the other rules also apply, *see* Supp. R. G(1), we disagree with the government's premise. Rule G(5) addresses the issue of what is a sufficient claim; it establishes only a bare-bones requirement to "state the claimant's interest in the property." The absence of a particularity requirement in Rule G(5), despite its presence elsewhere in Rule G, *e.g.*, Supp. R. G(2)(c), G(5)(a)(iii), shows that the rulemakers opted not to impose one for stating an interest in property. *Cf. Russello v. United States*, 464 U.S. 16, 23 (1983).

In any event, "[s]pecific facts are not necessary" to state a claim under Rule 8, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), and courts are not licensed to impose heightened pleading requirements in certain classes of cases simply to avoid the risk that unsubstantiated claims will burden the courts and opposing parties. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 514-15 (2002). Rule G sets a low threshold for the filing of a claim, but provides another mechanism to address unsubstantiated claims. Rule G(6) allows the government to serve special

interrogatories that may be used to test the claimant's relationship to the property at any time after the claim is filed, and a claimant's failure to comply with the interrogatory rule is grounds to strike the claim. Supp. R. G(8)(c)(i)(A).

The government contends that we should adhere to the prior decision in *United States v. $154,853.00* even if it is incorrect, but we do not think this is an appropriate case for the application of *stare decisis* by a regional court of appeals. The prior decision did not analyze the specificity question under Rule G(5) and seemed to believe that it was already settled by circuit precedent. 744 F.3d at 562. The cited decisions, however, involved a predecessor rule with slightly different text and, more importantly, did not address whether an assertion of ownership is sufficient to state a claimant's interest in property. *See United States v. Three Parcels of Real Prop.*, 43 F.3d 388, 392 (8th Cir. 1994); *United States v. $104,674.00*, 17 F.3d 267, 268 (8th Cir. 1994). So it appears in retrospect that the specificity requirement crept into circuit law without a panel decision that examined the precise issue. The decision in *$154,853.00* created a conflict in the circuits, and another circuit later rejected this court's approach, so leaving an erroneous precedent in place would perpetuate unwarranted disuniformity in the law. Addressing such a conflict in authority is one of the exceptional circumstances for which en banc review is designed. Fed. R. App. P. 35(b)(1)(B). We therefore overrule the portion of our decision in *United States v. $154,853.00* that imposed a specificity requirement for the statement of a claimant's interest in property under Rule G(5)(a)(i)(B). *See* 744 F.3d at 562-63.

For these reasons, we reverse the district court's order striking LNG's claim and remand the case for further proceedings. The district court's order also commented on LNG's invocation of the Fifth Amendment in response to certain special interrogatories, and resulting prejudice to the government, but we do not read the order to cite the interrogatory responses as an independent ground for striking LNG's claim. We thus leave that matter for further consideration on remand.

_____