# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2701

_____

United States of America

*Plaintiff - Appellee*

v.

$284,950.00 in U.S. Currency

*Defendant*

Nikkolas Thompson

*Claimant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 18, 2019
Filed: August 12, 2019

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Nikkolas Thompson appeals the district court's[1] judgment in favor of the United States in this civil forfeiture action. We affirm.

In 2015, Transportation Security Administration agents at the Little Rock, Arkansas airport discovered nearly $285,000 in cash in a false bottom of Thompson's suitcase, and a drug-sniffing dog indicated the odor of narcotics on the suitcase. The Government filed a complaint seeking to forfeit the money under 21 U.S.C. § 881(a)(6). Thompson filed a verified claim and answer contesting the Government's action, asserting that part of the money belonged to a business, part of it was personal savings jointly held with his girlfriend, and that he "has an interest in the property that is the subject of this lawsuit as an owner of the property, and he has a possessory interest and a right to possess the property as an owner and/or agent of the owner."

To maintain a claim for property subject to forfeiture, a claimant must establish standing. *See generally United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 348 (6th Cir. 2017). Supplemental Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions sets a low threshold for claimants initially to establish statutory standing, requiring only that a claim in a civil forfeiture proceeding "identify the claimant and state the claimant's interest in the property." Fed. R. Civ. P. Supp. R. G(5)(a)(i)(B); *see also United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1048-49 (8th Cir. 2019). But the assertion of an "interest in the property" that is necessary to satisfy Supplementary Rule G(5) may turn out to be false. Therefore, "[u]nlike in typical civil proceedings, the government may commence limited discovery immediately after a verified claim is filed," *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir.

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

2012), for the purpose of "gather[ing] information that bears on the claimant's standing," Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 adoption. The special interrogatories provided for in Supplemental Rule G(6) operate as a "mechanism to address unsubstantiated claims" and "may be used to test the claimant's relationship to the property." *$579,475.00*, 917 F.3d at 1049. If a claimant's assertions of ownership in his initial claim are undermined by his answers to the special interrogatories, his standing could then be challenged on a motion for summary judgment, where the claimant would have to "carry the burden of establishing standing by a preponderance of the evidence." *See* Fed. R. Civ. P. Supp. R. G(8)(c); *see generally United States v. $133,420.00*, 672 F.3d at 638-39 (explaining that "at the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing" but "[a] claimant asserting an ownership interest in the defendant property . . . must also present some evidence of ownership beyond the mere assertion in order to survive a motion for summary judgment" for lack of standing (internal quotation marks omitted)).

The Government served Thompson with special interrogatories pursuant to Supplemental Rule G(6). The Government identified several deficiencies in Thompson's answers. After he did not supplement his answers, the Government filed a motion to strike Thompson's claim because he failed to comply with Supplemental Rules G(5) and G(6). *See* Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A). The Government asked that Thompson at least be compelled to provide adequate responses to the special interrogatories if the court chose not to strike Thompson's claim.

On July 27, 2017, the district court concluded that Thompson's claim had satisfied Supplementary Rule G(5)'s initial threshold for standing, denied the Government's motion to strike, and ordered Thompson to "supplement his responses to the special interrogatories as requested by the United States within 21 days."

Despite multiple extensions of time acceded to by the Government, Thompson continued to provide incomplete responses to the interrogatories, and the Government filed another motion to strike his claim. Thompson countered that the interrogatories were overly burdensome and sought a protective order. He also filed a motion to dismiss the forfeiture proceedings, arguing that the Government's complaint failed to state a claim against the seized currency. The district court denied Thompson's motion for a protective order, struck his claim as a Rule 37 discovery sanction for failing to comply with the July 27, 2017 order, and denied his motion to dismiss as moot. The district court then granted the Government's motion for default judgment and a decree of forfeiture and denied Thompson's motion to alter the judgment and for reconsideration.

First, we review Thompson's appeal of the district court's decision to strike his claim for abuse of discretion. *See United States v. One Parcel of Prop. Located at RR 2, Indep., Buchanan Cty.*, 959 F.2d 101, 104 (8th Cir. 1992). "A claimant's failure to comply with the interrogatory rule is grounds to strike the claim." *$579,475.00*, 917 F.3d at 1049. A claimant who "fails to obey an order to provide or permit discovery" runs the risk of the district court "striking [his] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). An "evasive or incomplete disclosure, answer, or response" to an interrogatory constitutes a failure to answer. Fed. R. Civ. P. 37(a)(4). Striking a claim is "an extreme sanction that should be applied only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party." *United States v. $11,071,188.64 in U.S. Currency*, 825 F.3d 365, 369 (8th Cir. 2016) (internal quotation marks omitted). But in the civil forfeiture context, "the special role that [special interrogatories] play[] in the scheme for determining claim standing may justify a somewhat more demanding approach than the general approach to discovery sanctions under Rule 37." Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 adoption.

Here, the district court ordered Thompson to provide supplemental responses to the special interrogatories. Thompson's responses showed a willful violation of this discovery order. He failed to verify his supplemental answers as required by Fed. R. Civ. P. 33(b)(5). He failed to supplement his response to Special Interrogatory 1 entirely. He also failed to identify relevant documents as requested and gave confusing accounts of who owned the money, asserting in his responses that he had a personal ownership interest in all of it and that part of it was property of a separate business, of which he and his girlfriend were both partners. He had already asserted in his claim that he and his girlfriend owned part of the money jointly as savings. His responses failed to clarify which portions belonged to which parties. Finally, the Government made several requests for documents or records that supported his claim that he obtained the currency through gifts, investments, and employment, to which Thompson replied that he could not provide responsive documents because the Government had seized relevant documents. In reality, the Government had offered Thompson access to all of his information in its possession, but Thompson never accepted this offer.

These opaque, confusing, and evasive responses prejudiced the Government by hindering its ability to "gather information that bears on the claimant's standing" as provided for in the Supplemental Rules. *See* Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 adoption. We have previously held that where the Government concedes that a claimant has established standing, no special interrogatories are necessary to test that issue, and it would be an abuse of discretion to strike a claim for failure to respond to them. *United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 564 (8th Cir. 2014), *overruled on other grounds by $579,475.00*, 917 F.3d at 1049-50. But here, the Government has not conceded Thompson's standing and actively contests it. Moreover, Thompson's responses to the special interrogatories actually raised significant questions about his standing. For example, though he provided some bank and tax documents, they do not explain

his possession of so much currency, and he has failed to provide these documents with any context that would allow the Government to connect the currency with his financial history. And because of the ambiguity of his responses, it remains unclear which portion of the currency he is claiming and which portion is claimed by his girlfriend or their business. In short, Thompson's standing was contested and was ripe for determination on summary judgment, and Thompson prejudiced the Government by willfully failing to respond adequately to discovery that sought to test that standing after being ordered to do so by the district court. *See* Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A). We find no abuse of discretion in the district court's decision to strike his claim. *See $11,071,188.64*, 825 F.3d at 369-70 (finding no abuse of discretion in striking a claim when the claimant willfully disobeyed the discovery order).

Finally, Thompson argues that his motion to dismiss was improperly denied because the Government failed to state a claim against the currency. But the Government's motion to strike "must be decided before any motion by the claimant to dismiss the action." Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A). And when Thompson's claim is "stricken, he is out of the case." *United States v. Beechcraft Queen Airplane Serial No. LD-24*, 789 F.2d 627, 627, 630 (8th Cir. 1986). No longer a party, he has no "legally cognizable interest in the outcome" of the forfeiture action, and his motion to dismiss is moot.[2] *See Already, LLC v. Nike, Inc.*, 568 U.S.

---

[2]In addition, the district court properly denied Thompson's motion to dismiss as premature because "[t]he government need not respond to a claimant's motion to dismiss the action under Rule G(8)(b) until 21 days after the claimant has answered these interrogatories," which he never did. Fed. R. Civ. P. Supp. R. G(6)(c).

85, 91 (2013).  We also decline to reach Thompson's constitutional arguments, which are likewise moot.[3]

      For the foregoing reasons, we affirm.[4]

————————————————————

————————————————————

[3]Thompson claimed for the first time in a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure that the striking of his claim violated the Eighth Amendment's prohibition on excessive fines.  "Because an appellant is not permitted to raise arguments for the first time in a Rule 28(j) letter, we decline to consider [the] argument." *United States v. Thompson*, 560 F.3d 745, 751 (8th Cir. 2009).

[4]We deny the Government's motion to supplement the record in light of our decision.