# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3007
_____

United States of America

*Plaintiff - Appellee*

v.

$34,918 United States Currency

*Defendant*

Christopher Hester

*Claimant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: April 13, 2023
Filed: June 13, 2023
_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.
_____

BENTON, Circuit Judge.

Christopher William Hester claimed $34,918 found in his car during a traffic stop. When he failed to fully respond to the government's special interrogatories, the district court sanctioned him by striking his claim and entering a default

judgment forfeiting the money to the government.  Hester appeals, arguing that the district court relied on an incorrect interpretation of Rule G(8).  Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

## I.

On November 2, 2021, police stopped a car for a traffic violation.  Hester was driving.  The passenger, Antonio Burris, had a backpack at his feet.  Smelling marijuana, police searched the car, finding a few marijuana cigarettes, two empty suitcases, and $34,918 in cash vacuum-sealed and plastic-wrapped inside the backpack.

Hester and Burris claimed they had pooled their money for a trip to Las Vegas, where they planned to gamble, shop, and bring back winnings in the empty suitcases.  The government thought the money was drug-related.  The Drug Enforcement Administration sought forfeiture of the cash under 21 U.S.C. § 881(a)(6).

Hester claimed ownership of the money, filing a verified answer under Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs forfeiture actions in rem and establishes procedures for claiming defendant property.[1]  *See* **Fed. R. Civ. P. Supp. R. G**.

Three provisions are relevant:  First, Rule G(5) describes filing a claim.  **Supp. R. G(5)**.  This "low threshold" is "a bare-bones requirement to 'state the claimant's interest in the property.'"  *United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1049 (8th Cir. 2019) (en banc), *quoting* **Supp. R. G(5)**.  Second, Rule G(6) allows the government to "serve special interrogatories . . . to test the claimant's relationship to the property."  *Id.*, *citing* **Supp. R. G(6)**.  Finally, Rule G(8) authorizes motions to strike a claim "for failing to comply with Rule G(5) or (6)."  **Supp. R. G(8)**(c)(i)(A).

---

[1]Burris did not file a claim.

-2-

Hester filed a claim under Rule G(5). The government served 17 special interrogatories under Rule G(6). Hester responded, but just barely. He answered three days past the deadline, objected to 9 of the 17 interrogatories, provided incomplete responses to four, and failed entirely to respond to one. He did not even sign and swear to his answers.

The parties began a back-and-forth. Hester promised to supplement all but one of his (admittedly insufficient) responses. The government agreed to drop the one objectionable interrogatory and allow 15 days to supplement the rest. Hester supplemented his responses, verified the document, and attached financial records, but he also gave terse and incomplete answers.[2]

The government, still unsatisfied, identified deficiencies and threatened a motion to strike if Hester failed to fully supplement. Hester responded with some

---

[2]For example, Hester simply responded "Virginia" to an interrogatory asking him to "[i]dentify the states, provinces and foreign countries in which you have obtained a driver's license, driving permit, or state identification, including, where applicable, the license, permit, or identification number, and state whether the license, permit, or identification is currently valid."

additional information,[3] some objections,[4] and much agitation.[5]  He again neglected to verify.

The government moved to strike Hester's claim as a sanction for failing to fully answer the special interrogatories.  *See* **Supp R. G(6)**, **(8)**.  It alternatively requested an order that Hester answer certain interrogatories.  Hester's response to the motion had three parts:  First, he provided more complete answers to the interrogatories, including new details about his withdrawals; an affidavit from his girlfriend saying she had gifted him part of the cash; and new annotations on the previously disclosed bank documents.  Second, he argued that his responses sufficiently established standing.  Finally, he asked that, if the court found his responses insufficient, it compel him to answer whatever interrogatories needed supplementing.

---

[3]He informed the government, for example, that his girlfriend has the "Same Address as Christopher Hester."

[4]In response to the government's claim that his attached bank documents fell short of the special interrogatory request to provide "records, documents, or tangible items that document or relate in any way to your [claim] . . . , including the name, address, telephone number and email address of its custodian," Hester objected that "Special Interrogatories are not standard discovery.  The information provided shows where the money comes from, where the money was transferred and sent to Mr. Hester.  The relationship with the money has been firmly established. No other information will be provided."

[5]Informed that he provided insufficient information about his driver's license, Hester said: "Please contact Virginia Department of Motor Vehicles to find out if the license is valid, further whether the license if [sic] valid has nothing to do with identifying Mr. Hester, as special interrogatories are only to be used to identify the claimant and their relationship to the property and nothing else.  As for the license number, you have this information already on the ticket where Mr. Hester was pulled over, but since you can't read the information that you already have: [LICENSE NO. REDACTED]."

The district court found Hester's interrogatory responses insufficient and, rather than compel responses, struck his claim as a sanction for failing to fully respond. *See* **Supp R. G(8)**. It found that Hester had violated Rule G(6), and that even Hester's more detailed responses to the motion to strike were "either incomplete or raise significant questions about his standing." (quotation omitted). It declined to order Hester to supplement because, the court explained, three months had passed since Hester received the special interrogatories and he had not identified the specific obstacles preventing him from producing financial records. Hester appeals, arguing that the district court abused its discretion by striking his claim, and that he had established standing.

## II.

This court generally reviews the district court's decision to strike a claim for abuse of discretion. *See **United States v. One Parcel of Prop. Located at RR 2, Indep., Buchanan Cnty.***, 959 F.2d 101, 104 (8th Cir. 1992). When a district court bases its decision on an interpretation of the Supplemental Rules, this court reviews that interpretation de novo. ***United States v. Real Props. Located at 7215 Longboat Drive (Lot 24)***, 750 F.3d 968, 972 (8th Cir. 2014). *See also **Koon v. United States***, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

The district court struck Hester's claim under Rule G(8), which permits motions to strike a claim for "failing to comply with" Rule G(6), the special-interrogatory rule. Hester argues that Rule G(8) did not authorize striking his claim because he did not "fail[] to comply" with the special interrogatories.

In determining what constitutes "failing to comply" with special interrogatories, this court relies first and foremost on the Rule's plain meaning. ***$579,475***, 917 F.3d at 1049, *citing **Pavelic & LeFlore v. Marvel Entm't Grp.***, 493 U.S. 120, 123 (1989).

"Failing to comply" with an obligation requires actual or constructive awareness of it. "Compliance" presupposes a "requirement" or "direction." *Compliance*, Merriam-Webster's Dictionary, https://www.merriam-webster.com (last visited May 30, 2023); *Compliance*, Oxford English Dictionary (3d ed. 2009), https://www.oed.com (last visited May 30, 2023). A boss has not "required" or "directed" a subordinate to do something by typing up an email and forgetting to hit "send." It makes no sense to criticize the subordinate for "failing to comply" with the boss's unsent email when the subordinate neither read it (actual knowledge) nor could have read it (constructive). The term "failure to comply" simply does not fit. Another example: a driver fails to comply with a stop sign after overlooking or ignoring it, but not after a vandal removes the sign and the driver has no idea it existed.

An individual cannot "fail to comply" with an unknowable obligation. A party fails to comply with discovery obligations after a court order defines those obligations. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Even without a court order, a loan servicer fails to comply with statutory obligations when their scope—and their applicability to the loan servicer—is obvious and should be understood. *See Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 718 (8th Cir. 2018). But a citizen does not fail to comply with a police order—does not even have an "opportunity to comply"—when the official does not identify himself and the citizen is "unaware of a police presence." *Atkinson v. City of Mtn. View*, 709 F.3d 1201, 1210 (8th Cir. 2013).

Thus, Rule G(8) authorizes striking a claim for "failing to comply with" Rule G(6) only if the claimant has reason to know of, and violates, Rule G(6) special-interrogatory obligations.

Often, this bar is easily met. Rule G(6) imposes non-ambiguous obligations to answer or object to special interrogatories about "the claimant's identity and relationship to the defendant property." **Supp. R. G(6)**(a). *See* **Supp R. G(6)**(b). A claimant's total failure to respond to special interrogatories, for example,

obviously runs afoul of Rule G(6).  *See, e.g.*, **United States v. 2008 33' Contender Model Tournament Vessel**, 990 F.3d 725, 726 (1st Cir. 2021); **United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cnty.**, 787 F.3d 968, 971 (9th Cir. 2015).  Often, the district court need not hesitate to strike a claim under Rule G(8).

Sometimes Rule G(6)'s obligations are harder to understand.  If a special interrogatory is arguably beyond the scope of Rule G(6), does objecting to it rather than answering it constitute "failing to comply" with the Rule?  On the one hand, Rule G(6) explicitly authorizes "objections to [the] special interrogatories."  **Supp. R. G(6)(b)** (*"Answers or Objections.* Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served.").  On the other, if a special interrogatory is appropriate, a claimant cannot avoid answering it merely by objecting.

If a claimant's special-interrogatory objections straddle the line between discovery dispute and "failing to comply," the record should indicate that Rule G(6) violations were known or should have been known by the claimant before the claim is struck under Rule G(8).  The district court can explicitly make this finding.  Or, if a court order has compelled responses, the claimant will have actual knowledge of the Rule's scope.

On this record, this court cannot conclude that Hester knew or should have known that Rule G(6) obligated him to provide more information than he had provided.  Hester articulated a facially reasonable belief that the bank records and check receipts he supplied "firmly established" his relationship to the cash by "show[ing] where the money comes from, [and] where the money was transferred and sent."  He claimed that additional documents requested by the government exceeded the scope of Rule G(6).  Nothing in the record indicates that Hester had actual or constructive knowledge of additional obligations—the district court neither found that he should have known he was violating the Rule, nor issued an order compelling him to respond to interrogatories.  Without either a finding of knowing

non-compliance or a district court order, this court cannot conclude that Hester's responses were properly struck under Rule G(8) for "failing to comply with" Rule G(6).

Requiring either knowing noncompliance or a court order reflects existing practice, as exemplified by cases like *United States v. $284,950.00 in U.S. Currency*, 933 F.3d 971 (8th Cir. 2019). In *$284,950*, this court affirmed dismissal of a claim after the district court had ordered the claimant to "supplement his responses to the special interrogatories as requested by the United States." **Id.** at 973. The government moved to strike under Rule G(8) after the claimant provided incomplete responses and refused to supplement. Rather than immediately dismiss the claim, the district court ordered compliance with the government's special interrogatory requests. When the claimant then "failed to verify" his answers, "failed to supplement" his responses, and "failed to identify relevant documents" to substantiate his claim, the district court struck his claim, and this court affirmed. **Id.** at 974–75. *See also* **United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar California, Trinity Cnty.**, 787 F.3d 968, 973 (9th Cir. 2015) ("[C]ourts typically afford claimants one or even several opportunities to cure defective Rule G(6) responses.").

The district court here correctly noted "striking" similarities between Hester's responses and the claimant's responses in *$284,950*. But it omitted the key difference: Hester might have believed himself engaged in a standard discovery dispute. The *$284,950* claimant, due to the court order, knew he was not.

Supplemental Rule G's advisory committee notes support the requirement that, before striking a claim under Rule G(8), a district court either find a knowing violation of Rule G(6) or issue an order compelling answers. *See* **Fed. R. Civ. P. Supp. R. G Advisory Committee's Notes to 2006 Adoption.** They instruct that Rule G(8) is "somewhat more demanding" of claimants than Rule 37, which permits striking a claim "where there is [1] an order compelling discovery, [2] a willful violation of the order, and [3] prejudice to the other party." **United States v.**

***$11,3071,188.64 in United States Currency***, 825 F.3d 365, 369 (8th Cir. 2016) (alterations added), *citing* **Fed. R. Civ. P. 37**. Requiring *either* a knowing violation *or* a court order is more demanding of claimants than Rule 37's three-part test.[6]

The government argues that, because the special interrogatories help determine a claimant's standing, district courts require wide latitude to strike claims under Rule G(8). It cites *$579,475*, where this court, en banc, pointed to Rule G(8)'s strictures in dismissing fears that Rule G(5)'s "low threshold" for stating a claim would encourage meritless claims. ***$579,475***, 917 F.3d at 1049.

The government's argument is inconsistent with Rule G(8)'s "failing to comply" requirement. *See **id.*** ("[C]ourts are not licensed to impose heightened pleading requirements in certain classes of cases simply to avoid the risk that unsubstantiated claims will burden the courts and opposing parties." (citing ***Swierkiewicz v. Sorema N.A.***, 534 U.S. 506, 512, 514–15 (2002)). In any case, requiring a court order or a finding of knowing noncompliance in cases where the claimant raises a reasonable objection to the scope of specific interrogatories aligns with current practice. *See **$284,950***, 933 F.3d at 973; ***17 Coon Creek Rd.***, 787 F.3d at 973.

The district court did not find that Hester had actual or constructive knowledge of his obligation to further supplement, nor did it issue a discovery order that would have put him on notice. The record thus contains insufficient evidence that Hester "fail[ed] to comply" with Rule G(6). Because Rule G(8) did not authorize striking Hester's claim, the district court abused its discretion by striking it. *See **Koon***, 518 U.S. at 100.

---

[6]In some cases, a district court could properly strike a claim under either Rule G(8) or Rule 37.

## III.

Complying with the special-interrogatory rule does not guarantee that a claimant has standing. *See $284,950*, 933 F.3d at 973. The district court did not rule on Hester's standing, but noted "significant questions." The district court should answer those questions in the first instance. *See BNSF Ry. Co. v. Seats, Inc.*, 900 F.3d 545, 549 (8th Cir. 2018) ("When it would be beneficial for the district court to consider an alternative argument in the first instance, we may remand the matter to the district court.").

Moreover, Hester has not necessarily escaped sanctions. The district court's order solidified which requested information "fell within the scope of the interrogator[ies] Mr. Hester was bound to answer under Supplemental Rule G(6)(b)." Any future failure to respond as the district court directs could constitute "failing to comply" with Rule G(6), justifying striking the claim under Rule G(8).

\* \* \* \* \* \* \*

The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

_____