# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3119

_____

S.A.A.

*Plaintiff - Appellant*

v.

Samantha Geisler, Maple Grove Police Officer

*Defendant - Appellee*

------------------------------

The American Civil Liberties Union Foundation; Professors of Civil Procedure

*Amici on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 13, 2024
Filed: July 16, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

ERICKSON, Circuit Judge.

S.A.A. brought claims pursuant to 42 U.S.C. § 1983 against Maple Grove, Minnesota police officer Samantha Geisler, claiming Fourth Amendment violations

occurred during her arrest. The district court[1] granted Geisler's motion for summary judgment on the basis that the complaint failed to plead individual capacity claims against Geisler as required by our circuit's clear statement rule and denied S.A.A.'s fourth motion to amend her complaint for lack of diligence. We affirm.

## I.    BACKGROUND

S.A.A. filed an initial complaint, dated September 20, 2021, alleging false arrest and excessive force arising out of Geisler's search of S.A.A.'s home pursuant to a warrant. The complaint did not specify the capacity in which Geisler was sued, and S.A.A. subsequently conceded that she had not alleged official capacity claims against Geisler. S.A.A. twice amended her complaint, first on September 21, 2021, and again on December 22, 2021. Under the terms of the district court's scheduling order, the deadline for amending pleadings expired in May 2022. After the deadline had passed, S.A.A. moved to file a third amended complaint, which the magistrate judge reluctantly allowed but warned counsel that "there may not be slack cut in the future."

Geisler moved for summary judgment on March 27, 2023, arguing S.A.A. violated the Eighth Circuit's clear statement rule by not explicitly pleading personal capacity claims. On April 4, 2023, S.A.A. moved to amend her complaint a fourth time. The magistrate judge denied her motion. The district court then granted Geisler's motion for summary judgment, overruled S.A.A.'s objection to the magistrate judge's denial of her motion to amend, and denied S.A.A's motion to amend. S.A.A. appeals.

---

[1] The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

## II.    DISCUSSION

S.A.A. first asserts the district court erred when it found she failed to plead personal capacity claims against Geisler. Under the clear statement rule, our circuit interprets complaints that are silent about the capacity in which the defendant is sued as including only official capacity claims. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). While this approach has been rejected by other circuits in lieu of the course of proceedings test, which analyzes the totality of the complaint and the course of proceedings to determine the capacity in which the defendant is sued, Yorktown Med. Lab., Inc. v. Perales, 948 F.2d 84, 88-89 (2d Cir. 1991), our precedent is settled. See Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007) (tracing pleading requirement back to Rollins by Agosta v. Farmer, 731 F.2d 533 (8th Cir. 1984)).

S.A.A. admits she has no official capacity claims against Geisler. And her third amended complaint does not expressly allege individual capacity claims. While S.A.A. urges us to overturn the clear statement rule, we are bound by the prior decisions of other panels. Skender v. Eden Isle Corp., 33 F.4th 515, 519 (8th Cir. 2022). Likewise, S.A.A.'s reliance on Wealot v. Brooks, 865 F.3d 1119 (8th Cir. 2017), is misplaced. In Wealot, the Court declined to apply the clear statement rule for the first time on appeal, finding it "unwise" to decide the case on "unraised capacity grounds" without first allowing the plaintiff an opportunity to seek an amendment and affording the district court an opportunity to rule. Id. at 1123 n.4. Here, S.A.A.'s failure to raise individual capacity claims against Geisler was the basis for the motion for summary judgment and S.A.A. unsuccessfully moved for leave to amend to cure the pleading problem. The Court's concerns raised in Wealot were addressed in this case, and summary judgment was appropriate.

S.A.A. also seeks review of the district court's denial of her fourth motion to amend the complaint. We review the denial of a motion for leave to amend the complaint for an abuse of discretion. In re Target Corp. Sec. Litig., 955 F.3d 738, 744 (8th Cir. 2020).

-3-

Because S.A.A. moved for leave to amend to expressly plead individual capacity claims nearly a year after the deadline for doing so had passed, we apply the "good cause" standard found in Federal Rule of Civil Procedure 16. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) (explaining that Rule 16 rather than Rule 15 applies when a party seeks to amend a pleading outside the deadline in the scheduling order). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. Id. at 716. Prejudice is not considered if the movant has not been diligent. Id. at 717.

While S.A.A. argues that her counsel acted diligently because she moved to amend eight days after Geisler raised the clear statement rule in a summary judgment motion, no change in the law or newly discovered facts led to the applicability of the clear statement rule. Diligence required S.A.A. to comply with the rule "at the outset of the litigation, and at least prior to the scheduled deadline" for amending the complaint. See id. at 718. In addition, the magistrate judge reprimanded S.A.A. for previous violations of the scheduling order, and despite three opportunities to cure the defect in her complaint, she failed to do so. Under the circumstances, the district court did not abuse its discretion in denying S.A.A.'s fourth motion to amend the complaint.

## III. CONCLUSION

We affirm the judgment of the district court.

_____