# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3119

_____

S.A.A.

*Plaintiff - Appellant*

v.

Samantha Geisler, Maple Grove Police Officer

*Defendant - Appellee*

------------------------------

The American Civil Liberties Union Foundation; Professors of Civil Procedure

*Amici on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 24, 2024
Filed: February 7, 2025

_____

Before COLLOTON, Chief Judge, LOKEN, SMITH, GRUENDER, BENTON, SHEPHERD, KELLY, ERICKSON, GRASZ, STRAS, and KOBES, Circuit Judges, En Banc.

_____

GRUENDER, Circuit Judge.

This appeal arises out of 42 U.S.C. § 1983 claims brought by plaintiff S.A.A., alleging that Maple Grove, Minnesota police officer Samantha Geisler violated the Fourth Amendment while conducting an arrest.  The complaint, either as filed or as amended, did not specify whether S.A.A. was suing Geisler in Geisler's individual or official capacity.  Geisler moved for summary judgment on the basis that, under our circuit's "clear statement rule" for § 1983 complaints, S.A.A. failed to plead individual capacity claims.  *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).  The district court granted the motion for summary judgment.  *S.A.A. v. Geisler*, No. 21-CV-2071 (PJS/DJF), 2023 WL 5533344 (D. Minn. Aug. 28, 2023).  On appeal, a panel of this court affirmed.  *S.A.A. v. Geisler*, 108 F.4th 699 (8th Cir. 2024); *reh'g en banc granted*, *opinion vacated*, No. 23-3119, 2024 WL 4128448 (8th Cir. Sept. 10, 2024).  S.A.A. petitioned for rehearing *en banc*, asking us to reconsider *Egerdahl* and its progeny.  Sitting *en banc*, we discard our clear statement rule and adopt the "course of proceedings test" for determining whether a § 1983 defendant is sued in her individual or official capacity.  Accordingly, we reverse the district court's grant of summary judgment and remand for further proceedings.

## I.  Background

On January 7, 2020, Geisler and several fellow officers executed a search warrant at S.A.A.'s home to search for stolen goods.  A plain-clothed officer knocked on the door and S.A.A.'s husband, not knowing who was at the door or why, fired gunshots.  No one was injured, but the police ordered all the occupants of the house to exit with their hands up and to get on the ground.  S.A.A. alleged that, after she exited the house, Geisler threw her onto the ground and punched her in the back.

On September 20, 2021, S.A.A. brought § 1983 claims against Geisler, alleging false arrest and excessive force in violation of the Fourth Amendment.  The

complaint, either as filed or as amended, did not specify the capacity in which Geisler was sued. On March 27, 2023, Geisler moved for summary judgment, arguing that under our clear statement rule S.A.A. did not sue her in her individual capacity. *See Egerdahl*, 72 F.3d at 619 ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims."). S.A.A. conceded that she had no official capacity claims against Geisler. The district court therefore granted Geisler's motion for summary judgment.

A panel of this court affirmed pursuant to the clear statement rule, which it noted has long been a precedent in this circuit and was therefore binding on the panel. *S.A.A.*, 108 F.4th at 701; *see also United States v. Ellingburg*, 113 F.4th 839, 842 (8th Cir. 2024) (specifying that "only the en banc court may overturn" our circuit's precedents). S.A.A. petitioned for rehearing *en banc* so that we may reconsider our approach to determining the capacity in which a § 1983 defendant is sued when the complaint does not specify. Specifically, S.A.A. urges us to reject the clear statement rule in favor of the course of proceedings test used in all the other circuits. S.A.A. contends that, under the course of proceedings test, her claims should be construed as against Geisler in her individual capacity, so the grant of summary judgment should be reversed.[1]

## II.    Discussion

Decades ago, we wrote that "section 1983 litigants wishing to sue government agents in both [individual and official] capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official

---

[1]S.A.A. also moved to amend her complaint to specify her individual capacity claims against Geisler. The district court denied her motion. *S.A.A.*, 2023 WL 5533344 at *3-*6. S.A.A. challenged this in her initial appeal and the panel affirmed. *S.A.A.*, 108 F.4th at 701. S.A.A.'s petition for rehearing *en banc* does not address the motion to amend. And her counsel conceded during oral argument that the only issue on this *en banc* appeal is the capacity question. Accordingly, we do not consider the motion to amend here.

capacities.'" *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (quoting *Rollins by Agosta v. Farmer*, 731 F.2d 533, 536 n.3 (8th Cir. 1984)). This instruction later transformed into a bright-line rule that "[i]f a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl*, 72 F.3d at 619. We have adhered to this "clear statement rule" ever since *Egerdahl*. *See, e.g.*, *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997); *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir.1999); *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *Sanders v. Newton*, 117 F.4th 1059, 1064-65 (8th Cir. 2024).

S.A.A. asks us to overturn the clear statement rule. Overturning our circuit's precedent is appropriate when the precedent is "erroneous" and "perpetuate[s] unwarranted disuniformity in the law." *United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1050 (8th Cir. 2019) (en banc). The clear statement rule conflicts with the Federal Rules of Civil Procedure, is in tension with Supreme Court decisions, and unwarrantedly sets us alone among the courts of appeals. For each of these reasons, we now reject the clear statement rule.

First, the clear statement rule conflicts with federal pleading rules. "Except when required to show that the court has jurisdiction, a pleading need not allege . . . a party's capacity to sue or be sued." Fed. R. Civ. P. 9(a)(1)(A). In *Nix*, we interpreted Rule 9 to *require* a capacity stipulation in a § 1983 complaint because "[t]he Eleventh Amendment presents a *jurisdictional* limit on federal courts in civil rights cases against states and their employees." *Nix*, 879 F.2d at 431 (emphasis added).[2]

_____

[2]The text of Rule 9 differed slightly when we decided *Nix*, but the substance has not changed. *See Nix*, 879 F.2d at 431 ("It is not necessary to aver the capacity of the party to sue or to be sued . . . except to the extent required to show the jurisdiction of the court.") (emphasis removed) (quoting Fed. R. Civ. P. 9(a) (amended 1987)). *See also* Fed. R. Civ. P. 9 advisory committee's notes to 2007 amendment ("The language of Rule 9 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

-4-

However, our logic in *Nix* was "faulty in its premise," *Baker*, 501 F.3d at 926 (Gruender, J., concurring in part and dissenting in part), because it "neglect[ed] the considerable differences between Eleventh Amendment immunity and federal jurisdiction." *Biggs v. Meadows*, 66 F.3d 56, 60 (4th Cir. 1995). Immunity and jurisdiction are distinct concepts. Unlike immunity, subject matter jurisdiction must be evaluated by federal courts independent of the litigants' contentions, cannot be waived by a party, and cannot be abrogated by Congress. *See id.* Because a § 1983 defendant's capacity to be sued relates to immunity, which is expressly distinct from jurisdiction, a § 1983 plaintiff "need not allege . . . a party's capacity to sue or be sued" under the federal rules. Fed. R. Civ. P. 9(a)(1)(A). Because the clear statement rule requires an express allegation of the defendant's capacity for reasons other than to establish federal court jurisdiction, it erroneously extends, and explicitly conflicts with, Rule 9.[3]

Our clear statement rule also "seems to be swimming against recent currents from the Supreme Court regarding notice pleading." *Baker*, 501 F.3d at 927 (Gruender, J., concurring in part and dissenting in part). The Court has instructed that "[i]n many cases, the [§ 1983] complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. The course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (internal quotation marks omitted). This direction to look broadly to the "course of proceedings" to determine the capacity in which officials are sued is difficult to square with our requirement of a clear statement.

---

[3]The dissent maintains that federal pleading rules support the clear statement rule, contending that it is "properly rooted in Rule 8(a)(2)," which requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See post*, at 10 (quoting Fed. R. Civ. P. 8(a)(2)). This misses the point. While Rule 8(a)(2) provides a general rule for all pleadings, Rule 9 specifically directs that plaintiffs "need not allege . . . a party's capacity to sue or be sued" absent circumstances not applicable here. Fed. R. Civ. P. 9(a)(1)(A). Thus, the pertinent federal pleading rule is Rule 9, not Rule 8.

More recently, the Court rejected a similar clear statement rule out of the Fifth Circuit, which required plaintiffs seeking damages for constitutional violations to expressly invoke § 1983. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' . . . they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.") (quoting Fed. R. Civ. P. 8(a)(2)). "[A] basic objective of the [Federal Rules of Civil Procedure] is to avoid civil cases turning on technicalities." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215, p. 172 (3d ed. 2004)). The same logic applies here. The clear statement rule "places the plaintiff in the chokehold of restrictive, overly technical pleading requirements." *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). Just as the Fifth Circuit's "heightened pleading rule" requiring a clear statement of the statutory basis for a plaintiff's cause of action was an additional technicality beyond the requirements of Rule 8, *Johnson*, 574 U.S. at 11, our circuit's requirement of clear statement of the defendant's capacity to be sued is an additional technicality beyond the requirements of Rule 9.[4]

Lastly, our adherence to the rule puts us in a "lonely position" compared to the approach of other courts. *Baker*, 501 F.3d at 924 n.2. Indeed, each of the other circuits, following the Supreme Court's language in *Graham*, has adopted a "course of proceedings test" to evaluate whether a § 1983 defendant is sued in an individual

---

[4]The dissent disputes that Supreme Court precedent supports the course of proceedings test, pointing to *Hafer v. Melo*, 502 U.S. 21 (1991), where the Court identified the circuit split between the clear statement rule and course of proceedings test but declined to settle the split because the "issue [was] not properly before" them. *Id*. at 24 n.*. The dissent interprets this as an implied endorsement of the clear statement rule. *See post*, at 13. In so doing, the dissent overreads *Hafer* and disregards the subsequent developments by the Court in the decades since *Hafer*, developments which are exceedingly difficult to square with the clear statement rule.

or official capacity where the complaint is not explicit.[5]  *Graham*, 473 U.S. at 167 n.14.  Keeping the clear statement rule in place would leave this circuit on an island with an "erroneous precedent in place" and "perpetuate unwarranted disuniformity in the law."  *$579,475.00*, 917 F.3d at 1050.

Faithfully applying Supreme Court precedent and the Federal Rules of Civil Procedure, we join our sister circuits in rejecting the clear statement rule in favor of the course of proceedings test for determining the capacity in which a § 1983 defendant is sued.[6]

_____

[5]*See, e.g.*, *Powell v. Alexander*, 391 F.3d 1 (1st Cir. 2004); *Rodriguez v. Phillips*, 66 F.3d 470 (2d Cir. 1995); *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299 (3d Cir. 2020); *Biggs v. Meadows*, 66 F.3d 56 (4th Cir. 1995); *Robinson v. Hunt Cnty.*, 921 F.3d 440 (5th Cir. 2019); *New Albany Main St. Properties v. Watco Companies, LLC*, 75 F.4th 615 (6th Cir. 2023); *Tom Beu Xiong v. Fischer*, 787 F.3d 389 (7th Cir. 2015); *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116 (9th Cir. 2007); *Trackwell v. U.S. Gov't*, 472 F.3d 1242 (10th Cir. 2007); *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027 (11th Cir. 2008); *Daskalea v. D.C.*, 227 F.3d 433 (D.C. Cir. 2000); *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334 (Fed. Cir. 2006).

[6]The dissent objects to our adoption of the course of proceedings test, contending that "public servants are now *required* to throw out a smattering of defenses in their answer" to account for the unclear capacity in which they are sued, or otherwise "risk waiving a meritorious defense."  *Post*, at 12 (emphasis in original). This concern is overstated.  While "failure to plead an affirmative defense results in its forfeiture and exclusion from the case," *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 765 (8th Cir. 2022) (citing Fed. R. Civ. P. 8(c)), "[a]s long as an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal."  *Id.* at 766 (internal citations and quotation marks omitted).  Further, as the dissent itself notes, Rule 15(a)(2) permits district courts to give leave to parties to amend their pleadings when justice so requires.  *See post*, at 12 n.10. (citing Fed. R. Civ. P. 15(a)(2)).  Existing law already protects § 1983 defendants in the absence of a clear statement rule.

Geisler argues that even if we adopt the course of proceedings test, we should not apply it retroactively to this case, despite "the normal rule in civil cases . . . [of] full retroactivity." *See Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1061 (8th Cir. 2020) (en banc). Geisler points to *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971), where the Supreme Court recognized the possibility of prospective-only application of holdings in certain limited circumstances.[7] However, the Court has since pared back *Chevron Oil* and reaffirmed that a court's holding applies "to the parties before it" and "must be given full retroactive effect in all cases still open on direct review." *Harper v. Virginia Dep't of Tax'n*, 509 U.S. 86, 97 (1993). We have long treated *Harper* as having "largely superseded *Chevron Oil*" on the question of retroactive application of our holdings. *See Fogie v. THORN Americas, Inc.*, 190 F.3d 889, 902 n.7 (8th Cir. 1999). Therefore, the course of proceedings test applies "to the parties before [us]" with "full retroactive effect." *Harper*, 509 U.S. at 97.

Accordingly, the district court on remand should determine whether the course of proceedings indicates S.A.A.'s intent to sue Geisler in her individual capacity. *See Graham*, 473 U.S. at 167 n.14. Our sister circuits can offer helpful guidance. The fundamental question is whether the course of proceedings has put the defendant "on notice that she was being sued in her individual capacity" and that "her personal liability was at stake." *Daskalea*, 227 F.3d at 448. "Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

---

[7]The Court laid out three requirements to apply a holding prospectively only: (1) the holding represents a new principle of law; (2) nonretroactive application would not hinder the new principle's application going forward; and (3) nonretroactive application is necessary to avoid inequitable results. *See Chevron Oil*, 404 U.S. at 106-07. We do not discern any inequitable results from applying the course of proceedings test retroactively here. Therefore, even if *Chevron Oil* governed, we should apply the course of proceedings test to this case. *See Ryder v. United States*, 515 U.S. 177, 184-85 (1995) ("[W]hatever the continuing validity of *Chevron Oil* . . . there is not the sort of grave disruption or inequity involved in awarding retrospective relief to this petitioner that would bring that doctrine into play.").

Relevant factors include, but are not limited to, how early in the litigation the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense.[8] *See, e.g.*, *Powell*, 391 F.3d at 23. The earlier that a plaintiff indicates that she intends to pursue individual capacity claims, the more compelling. *Compare, e.g.*, *Larez v. City of Los Angeles*, 946 F.2d 630, 640 (9th Cir. 1991) (specifying individual capacity claims for the first time in response to motion to dismiss was early enough to be given weight) *with Daskalea*, 227 F.3d at 448-49 (specifying individual capacity claims for the first time during rebuttal argument at trial, after repeated prior expressions by defense counsel that they understood defendant to be sued in an official capacity, was too late to be given weight); *see also Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (motion specifying individual capacity claims filed one month after the complaint was early enough, and "later pleadings, such as a response to a motion for summary judgment" were also probative). Punitive damages are not available against government officials sued in an official capacity, so inclusion of punitive damages in a complaint suggests an intent to sue the official in her individual capacity. *See Powell*, 391 F.3d at 23. And qualified immunity is a "personal immunity defense[]," *Graham*, 473 U.S. at 166-67, so a defendant's declining to raise a qualified immunity defense suggests that the defendant is not on notice of the potential for personal liability. *See, e.g.*, *Daskalea*, 227 F.3d at 449.[9]

---

[8]The capacity that a plaintiff alleges must be supported in the same way that any other matter is supported under the Federal Rules of Civil Procedure. Accordingly, the factors indicating that a plaintiff is alleging individual capacity claims may look different at various stages over the course of proceedings. Some factors, like punitive damages, may be relevant at the pleading stage; others, like the absence of a qualified immunity defense, may play a role only at the summary judgment stage. In other words, applying the ordinary rules of procedure, the manner and degree of clarity required to answer the capacity question will change over the course of proceedings.

[9]The inference is not as strong in the other direction. In other words, a defendant's decision to raise a qualified immunity defense does not necessarily suggest that she is on notice of individual capacity claims. Qualified immunity "is

We emphasize that the considerations listed above do not constitute an exhaustive list of relevant factors. Furthermore, "[n]o single factor is dispositive in an assessment of the course of proceedings." *Powell*, 391 F.3d at 22. If, after analyzing the course of proceedings, the district court concludes that S.A.A. pleaded individual capacity claims against Geisler, then it should deny Geisler's motion for summary judgment on that issue.

## III.   Conclusion

For the foregoing reasons, we reverse the grant of summary judgment and remand for further proceedings consistent with this opinion.

SHEPHERD, Circuit Judge, with whom LOKEN, Circuit Judge, joins, dissenting.

I respectfully dissent for two reasons. First, the clear statement rule is grounded in Federal Rule of Civil Procedure 8 and its requirement of a "short and plain statement." Second, the rule is sound; it is easy to understand and follow for even a pro se plaintiff; and, as we have often noted, it vindicates the important principle that qualified immunity is immunity from *suit*, not just from trial.

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to set forth in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." The clear statement rule, our former, bright-line rule which has been the law of this Circuit for over thirty years, required 42 U.S.C. § 1983 plaintiffs to succinctly identify the capacity in which they were suing government agents, and a failure to do so resulted in an interpretation of "the complaint as including only official-capacity claims." See Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619

---

an affirmative defense that must be pleaded by a defendant official," *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982), and "failure to plead an affirmative defense [generally] results in a waiver of that defense," *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). Thus, an affirmative defense of qualified immunity might merely reflect a defendant's strategic decision (or defense counsel's habitual practice) to include all potential defenses.

(8th Cir. 1995) (Arnold, C.J.). The rule is properly rooted in Rule 8(a)(2): What could be shorter and plainer than using the words "individual capacity" when describing the types of claims brought in the complaint? The clear statement rule places public employee defendants on notice of the capacity in which they are sued—the entire purpose of Rule 8—without needless, expensive litigation to ascertain the capacity through the "course of proceedings"—our Court's yet-to-be-hammered-out, multi-part test. Indeed, the Court's new pronouncement threatens a return to "cryptic hint[s]" in the complaint which we have condemned. Egerdahl, 72 F.3d at 620.

Further, the clear statement rule is grounded in the sound policy behind the doctrine of qualified immunity. "[B]ecause '[t]he entitlement [to qualified immunity] is an *immunity from suit* rather than a mere defense to liability,'" the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam) (second alteration in original) (citation omitted). We have also emphasized the importance of the qualified immunity question being raised and resolved early:

> Both the Supreme Court and this circuit "'repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" We stress the importance of doing the qualified immunity analysis early in litigation because those entitled to qualified immunity hold "an entitlement not to stand trial or face the other burdens of litigation." This "entitlement is an *immunity from suit* rather than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to go to trial."

O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" (citation omitted)). We elaborated in Payne v. Britten:

-11-

> The potentially lost benefits of qualified immunity include the costs and expenses of litigation, and discovery in particular, which is a type of burden distinct from appeals and other lawyer-driven aspects of a case. Other lost benefits include the lost opportunity to appeal to our court and, ultimately, to petition the Supreme Court for certiorari.

749 F.3d 697, 700-01 (8th Cir. 2014).

The clear statement rule "guarantees that the defendant receives prompt notice of his or her potential personal liability." Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Now, by virtue of the court's abandonment of our time-tested rule, "public servant[s]" who are potentially "expose[d] . . . to compensatory and punitive damages" must play a potentially ruinous guessing game to ascertain the capacity in which they are sued, a non-issue under our former rule. Id.

Moreover, public servants are now *required* to throw out a smattering of defenses in their answer to counteract plaintiffs who do not plead an individual capacity claim "with the requisite clarity" we formerly required. Id. While the majority notes that some defense attorneys may already have this practice, see ante, at 9 n.9, it ignores the fact that we now mandate that *all* defense counsel adopt this practice or risk waiving a meritorious defense. Even worse, "the manner and degree of clarity required to answer the capacity question will change over the course of proceedings." Ante, at 9 n.8. By abrogating the clear statement rule, we needlessly increase litigation costs and obscure an easily understood rule that has benefitted § 1983 defendants as well as plaintiffs for decades.[10]

---

[10]The majority claims that the clear statement rule enabled cases to "turn[] on technicalities," ante, at 6 (citation omitted), but this ignores Federal Rule of Civil Procedure 15(a)(2), which counterbalances our former rule and allows district courts to "freely give leave when justice so requires." See, e.g., Sedlmeier v. Kaemingk, No. 4:13-CV-04136-KES, 2015 WL 4663753, at *1 (D.S.D. Aug. 6, 2015) (noting that a pro se plaintiff "asked for and was granted relief to file a second amended complaint" to "indicate whether [the] defendants were being sued in their individual or official capacities"). Indeed, in this case the district court allowed S.A.A. to amend her complaint three times.

Finally, the Supreme Court has not indicated that the course of proceedings approach is preferable. To the contrary, in <u>Hafer v. Melo</u>, the Supreme Court acknowledged the inter-circuit conflict between the clear statement rule and course of proceedings test but declined to resolve the split as the issue was not properly before the Court. 502 U.S. 21, 24 n.* (1991). In so doing, the Court "reiterate[d] . . . that '[i]t is obviously preferable for the plaintiff to be specific in the [initial pleading] to avoid any ambiguity.'" <u>Id.</u> (second alteration in original) (citation omitted). This acknowledgement reaffirms the notion that unanimity by our sister circuits does not mean they are inherently correct. Our clear statement rule is easy for litigants to understand and courts to apply—I see no reason to replace it with another multi-factor test.

I respectfully dissent.

_____