# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-3170
_____

United States of America

*Plaintiff - Appellee*

v.

$5,500 in U.S. Currency, More or Less

*Defendant*

Marain Larayondra Rankins

*Claimant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: June 9, 2026
Filed: June 12, 2026
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Marain Rankins appeals the district court's entry of default judgment in favor of the United States in this civil forfeiture action. Also pending are Rankins's motion to supplement the record and the government's motion asking this court to take judicial notice of related criminal case court records.

In May 2023, officers executed a search warrant at Rankins's residence and seized, among other items, $5,500 stuffed in a shoe. The government filed a complaint seeking to forfeit the currency under 21 U.S.C. § 881(a)(6). Rankins filed a pro se verified claim and answer contesting the government's action, asserting as relevant that "I Marain Rankins is the claimant I have interest in the property because I got restitution fee will have other cost when I get out of jail/prison and also have commissary etc to buy while incarcerated." On the government's motion, the district court struck Rankins's claim under Supplemental Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for failure to comply with Supplemental Rule G(5)(a)(i)(B) (requiring person asserting interest in property to identify the claimant and state the claimant's interest in the property). Thereafter, the court entered default followed by a default judgment in favor of the government, forfeiting "all right, title, and interest in the Defendant property" to the United States. This appeal followed.

We conclude that Rankins, by asserting he was the "claimant" of the currency at issue, and that he had "interest in the property because he got restitution fee," satisfied the requirement of Rule G(5) to "state the claimant's interest in the property." *See United States v. $579,475.00 in U.S. Currency*, 917 F.3d 1047, 1049-50 (8th Cir. 2019) (en banc) (holding that Rule G(5) establishes "only a bare-bones requirement" to state the claimant's interest in the property, with additional mechanisms in place to address unsubstantiated claims); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reiterating that a document filed pro se is to be

liberally construed).  For this reason, we reverse the district court's order striking Rankins's claim, remand the case for further proceedings, and dismiss the pending motions as moot.

_____