94 F.3d 647
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fugen CETIN, Plaintiff-Appellant,
v.
PURDUE UNIVERSITY, et al., Defendants-Appellees.
 Nos. 94-3112, 95-1254.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1996.*
Decided Aug. 7, 1996.
 
 Before CUDAHY, RIPPLE, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Fugen Cetin sued Purdue University and three of its employees for discrimination because of her race, national origin, and gender, pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 20 U.S.C. § 1681 ("Title IX"), as well as pendent state law claims for breach of contract and intentional interference with contract. On plaintiff's motion, the district court dismissed with prejudice Ms. Cetin's § 1982 and Title IX claims, and her pendent state law claims. The district court subsequently granted the defendants' motion for summary judgment on the remaining claims and entered judgment. Ms. Cetin filed several pro se post-judgment motions,[1] all of which were denied by the district court. We have consolidated Ms. Cetin's two appeals. We affirm in both appeals.
 
 I. Appeal No. 94-3112
 
 2
 Ms. Cetin argues that the summary judgment motion was premature because the time for discovery had not yet been completed, and that the district court erred in failing to grant an enlargement of time for discovery so that Ms. Cetin could adequately respond to the summary judgment motion. June 30, 1994 was the discovery cutoff date: a date that the district court had set in November 1993. Ms. Cetin did not make any discovery or deposition requests prior to June 30. On June 30, Ms. Cetin filed a motion to enlarge discovery time to September 30.[2] The motion did not state why Ms. Cetin needed more time. Also on June 30, Ms. Cetin filed a motion to enlarge the time to respond to the summary judgment motion to July 6. This motion did not contain any reference to a need for discovery. The court denied either or both motions on July 5--the court's order is ambiguous as to which motion was being denied--and Ms. Cetin submitted her response to the summary judgment motion the next day, which the court apparently accepted as timely.
 
 
 3
 Putting Ms. Cetin's situation in the best light, we shall assume that the district court might have read the motion for an enlargement of discovery time as an implicit request for a continuance of the summary judgment motion during discovery--in other words, as a Fed.R.Civ.P. 56(f) motion. We review the district court's denial of a Rule 56(f) motion for abuse of discretion. Farmer v. Brennan, 81 F.3d 1444, 1449 (7th Cir.1996) (citation omitted). When a party requests an enlargement of time to respond to a summary judgment motion and to conduct discovery for that response, it must give "an adequate explanation to the court of the reasons why the extension is necessary." Id. (citing Korf v. Ball State University, 726 F.2d 1222, 1230 (7th Cir.1984)). Ms. Cetin did not provide any explanation why she needed an extension of time to conduct discovery. Ms. Cetin had several months to conduct discovery. Moreover, she was able to support her response to the summary judgment motion with her own affidavit and with several other relevant documents. The district court did not abuse its discretion in denying the request for more discovery time, and in ruling on the summary judgment motion.
 
 
 4
 As to the merits of the summary judgment, the district court's description of the facts and application of the law show quite clearly that the defendants deserved summary judgment on the §§ 1981, 1983, and 1985(3) claims.[3] We need add only that a plaintiff can survive summary judgment on §§ 1981 and 1983 discrimination claims either with direct evidence of discrimination or with indirect evidence under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). Pilditch v. Board of Education, 3 F.3d 1113, 1116 (7th Cir.1993) (citations omitted), cert. denied, 114 S.Ct. 1065 (1994). The district court made clear that Ms. Cetin had presented no direct evidence of discrimination. We add that Ms. Cetin failed to establish a genuine issue of material fact as to any part of the McDonnell Douglas prima facie case, aside from her membership in a protected class.
 
 
 5
 We affirm the grant of summary judgment to the defendants for the reasons stated by the district court, as supplemented above.
 
 II. Appeal No. 95-1254
 
 6
 Ms. Cetin appeals the denial of her five pro se post-judgment motions.
 
 
 7
 Two of the motions relate to the dismissal with prejudice of Ms. Cetin's Title IX gender discrimination claim. In a motion filed pursuant to Fed.R.Civ.P. 60(b)(1), Ms. Cetin alleged that her attorney had requested the dismissal with prejudice of the Title IX claim without authority to do so. The district court denied the motion, and Ms. Cetin filed a motion to reconsider the denial under Fed.R.Civ.P. 59(e). The Rule 59(e) motion was denied as well.
 
 
 8
 We review the denial of a Rule 60(b) motion for abuse of discretion. The standard is met only when we have the "strong conviction" that the court "exceeded the permissible bounds of judgment." American Hosp. Supply v. Hospital Prods., Ltd., 780 F.2d 589, 595 (7th Cir.1985). A Rule 60(b) motion requires "a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.' " Lee v. Village of River Forest, 936 F.2d 976, 978 (7th Cir.1991) (quoting Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986) (per curiam), cert. denied, 482 U.S. 905 (1987)). Ms. Cetin has given us no reason to believe that her attorney's allegedly improper conduct created any danger that the underlying dismissal was unjust. Specifically, Ms. Cetin does not suggest that there is evidence that acts of gender discrimination occurred within the limitations period. She does not attempt to refute the observation of the district court and the argument of the defendants that her Title IX claim, such as it was, was based on discriminatory statements allegedly made by one of the defendants to her in August 1991. Ms. Cetin filed her complaint on October 8, 1993. We agree with the defendants that Ms. Cetin's Title IX claim falls outside of the limitations period, which is two years under the relevant statute of limitations, Ind.Code 34-1-2-2(1). See Lillard v. Shelby County Bd. of Education, 76 F.3d 716, 729 (6th Cir.1996) (holding that the state statute of limitations for personal injury claims applies to Title IX claims) (citing Bougher v. University of Pittsburgh, 882 F.2d 74, 77 (3d Cir.1989)); Egerdahl v. Hibbing Community College, 72 F.3d 615, 617-18 (8th Cir.1995) (same). Because Ms. Cetin has not made a showing that she has a viable Title IX claim, we reject her challenges to the denials of her Rule 60(b)(1) and Rule 59(e) motions.
 
 
 9
 Ms. Cetin's remaining challenges involve a Fed.R.Civ.P. 60(b)(3) motion and a motion (labeled a Fed.R.Civ.P. 15(a) motion) to correct a few technical defects in the Rule 60(b)(3) motion. The "Rule 15(a)" motion did not change the substance of the Rule 60(b)(3) motion, so our court should focus on the denial of the Rule 60(b)(3) motion. The Rule 60(b)(3) motion alleged fraud, misrepresentation, or other misconduct in the destruction of Ms. Cetin's Qualifying Examination papers, which Ms. Cetin believes would have helped her case. However, Ms. Cetin presented no evidence that these papers were destroyed for the purpose of discrimination, or to frustrate Ms. Cetin's attempts to challenge or remedy the alleged discrimination. The district court did not abuse its discretion in denying the Rule 60(b)(3) motion (and with it, the "Rule 15(a)" motion).
 
 III. Conclusion
 
 10
 The judgment and the denials of the post-judgment motions are AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Ms. Cetin was represented by counsel prior to the judgment
 
 
 [2]
 For some unknown reason, Ms. Cetin's "Verified Motion to Enlarge Discovery Time" does not appear in the record. However, the defendants' brief states that Ms. Cetin did file that motion on June 30, 1994. A copy of that motion appears in the appendix to the defendants' brief
 
 
 [3]
 Much of the evidence that Ms. Cetin cites to our court was not before the district court at the summary judgment stage, but was submitted for the first time in her Federal Rules of Civil Procedure 60(b)(3) motion (discussed in section II, infra ). Because the district court was unable to consider that evidence in deciding the motion for summary judgment, neither shall we. See Cooper v. Lane, 969 F.2d 368, 371 (7th Cir.1992)