RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0145p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ESZTER PRYOR,

*Plaintiff-Appellant*,

*v.*

THE OHIO STATE UNIVERSITY,

*Defendant-Appellee*.

No. 24-3812

───────────────

Appeal from the United States District Court for the Southern District of Ohio at Columbus.
No. 2:22-cv-00163—Sarah Daggett Morrison, District Judge.

Decided and Filed:  June 2, 2025

Before: GILMAN, DAVIS, and MATHIS, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Daniel J. Canon, Jonathan C. Little, SAEED & LITTLE, LLP, Indianapolis, Indiana, for Appellant.  Michael H. Carpenter, Timothy R. Bricker, David J. Barthel, CARPENTER LIPPS LLP, Columbus, Ohio, for Appellee.

───────────────

## OPINION

───────────────

        DAVIS, Circuit Judge.  Eszter Pryor brings this Title IX action against The Ohio State University ("OSU") for allegedly failing to protect her from the sexual abuse and sexual assault committed by her diving coach when she was a minor competing for the Ohio State Diving Club. The district court dismissed her claim as time barred.  But Pryor contends that the court applied the wrong statute of limitations and that her claim should not have been dismissed.  Because the

district court applied the correct limitations period, and Pryor filed her complaint beyond the applicable two-year window for such actions, we affirm.

## I.

As a high-school student, Eszter Pryor trained and competed with the Ohio State Diving Club at OSU.  She was sixteen years old when her diving coach, William Bohonyi, first sexually abused her in the summer of 2014.  According to Pryor, OSU knew about the abuse as early as August 2014 when it fired Bohonyi after conducting an internal investigation into his behavior.

Almost seven and a half years later, Pryor sued OSU under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, claiming OSU "created and was deliberately indifferent to a sexually hostile culture, and was deliberately indifferent to" the sexual abuse and harassment to which Bohonyi had subjected her.  (Compl., R. 1, 17, ¶ 102).  She filed her complaint in January 2022, more than six years after she turned eighteen.  OSU filed a motion for summary judgment, arguing that the statute of limitations, as set forth in Ohio Revised Code § 2305.10(A), barred Pryor's claim and that her claim lacked merit.  Declining to address the merits, the district court granted OSU's motion based on the expiration of the limitations period.  Pryor timely appealed.

## II.

### A.

"As with any basis for summary judgment, a grant of summary judgment on the ground that a claim is barred by the applicable limitations period is reviewed *de novo* by this court." *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996).  Summary judgment is appropriate when no genuine dispute of material fact exists, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

The sole question before us is whether the district court applied the proper limitations period to Pryor's Title IX claim.  Title IX "provides relief broadly to those who face discrimination on the basis of sex in the American education system." *Doe v. Univ. of Ky.*, 971 F.3d 553, 557 (6th Cir. 2020).  Although Congress did not explicitly include a private remedy for

violation of Title IX in the statute's text, the Supreme Court has recognized an implied right of relief for students. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 709 (1979). So, perhaps unsurprisingly, Title IX contains no provision specifying the time within which a plaintiff must bring an action seeking such relief. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1013 (6th Cir. 2022).

To determine the applicable limitations period, we look to the most analogous state statute of limitations. *Lillard*, 76 F.3d at 729. And we have previously held that the most analogous statute of limitations for Title IX claims is the forum state's limitations period for personal-injury actions. *Bannister*, 49 F.4th at 1013 (collecting in-circuit and out-of-circuit cases). Indeed, for Title IX claims brought in Ohio, we have settled that Ohio Revised Code § 2305.10(A)'s two-year limitations period for personal-injury actions applies. *See Garrett v. Ohio State Univ.*, 60 F.4th 359, 365 n.3 (6th Cir. 2025); *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022); *Giffin v. Case W. Rsrv. Univ.*, 181 F.3d 100 (6th Cir. 1999) (per curiam) (unpublished table opinion). Under § 2305.10(A), the claim of a minor accrues on the individual's eighteenth birthday or when the plaintiff "knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Snyder-Hill*, 48 F.4th at 698 (citation omitted). Pryor has raised no issue concerning when her claim accrued, so she had until two years after her eighteenth birthday to pursue her claim.

## B.

Resisting this conclusion, Pryor argues that the specific nature of her Title IX claim should inform which limitations period applies. She contends that Ohio Revised Code § 2305.111(C)'s twelve-year limitations period for child sex-abuse claims should apply. But guidance from the Supreme Court and our own binding precedent both foreclose this approach.

We first determined in *Lillard* that the forum state's personal-injury limitations period governs the timeliness of Title IX claims. 76 F.3d at 729. In making that determination, we relied in part on the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985), where the Court declared that all claims under 42 U.S.C. § 1983 are "characterized in the same way for limitations purposes." *Id.* at 271. The Court expressly cautioned against choosing the applicable

limitations period by examining "the particular facts or the precise legal theory of each claim" because "counsel could almost always argue, with considerable force, that two or more periods of limitations should apply." *Id.* at 274. Recognizing that § 1983 remedies are always "supplementary to any remedy any State might have," the Court reasoned that "a simple, broad characterization" of such claims "best fits the statute's remedial purpose." *Id.* at 272 (citation omitted).

These same uniformity and predictability concerns led the Supreme Court to determine in *Owens v. Okure*, 488 U.S. 235 (1989), that all § 1983 claims are subject to the forum state's personal-injury limitations period. *Id.* at 243–44. There again, the Court "rejected the practice of drawing narrow analogies" between each case's § 1983 claim and an intentional tort to decide the limitations period. *Id.* at 248. Although "[e]very State has multiple intentional tort limitations provisions," they each have only "one general or residual statute of limitations governing personal injury actions." *Id.* at 243–45. So, all § 1983 claims must be brought within the forum state's limitations period for personal-injury actions. This same rationale applies to Title IX claims. Although Title IX does not have quite the same breadth as § 1983, its remedial reach encompasses claims covered by various state civil-rights laws. And the federal interests vindicated by settling on one particular limitations period are no less compelling.

Pryor's attempts to distinguish Title IX from § 1983 are unconvincing. True, our decisions identifying Ohio Revised Code § 2305.10(A) as the applicable Title IX limitations period have centered on the question of accrual rather than applicability. *See Snyder-Hill*, 48 F.4th at 698; *Bannister*, 49 F.4th at 1013. But our identification of the state personal-injury limitations period was correct. The same federal interests in "uniformity, certainty, and minimization of unnecessary litigation" credited in *Wilson* and *Owens* apply with equal force to Title IX litigation. *Wilson*, 471 U.S. at 275. Plaintiffs may employ Title IX to raise a variety of legal theories. Much like with § 1983 claims, if the limitations period were tied to the precise facts or legal theory of the case, several limitations periods could be appropriate. In this case, for example, at least two different Ohio limitations periods could arguably apply based on the facts—Ohio Revised Code § 2305.10(A)'s two-year period and Ohio Revised Code § 2305.111(C)(1)'s twelve-year period. The potential applicability of multiple discrete

limitations periods could prevent plaintiffs from knowing with certainty when their claims must be brought and, similarly, keep defendants from knowing for how long they must be prepared to defend themselves.

Moreover, both Title IX and § 1983 prohibit discrimination based on sex in state-run schools and provide a remedy to redress the personal injuries resulting from such discrimination. This fact lends even greater force to the argument that courts should approach the statute-of-limitations selection process for Title IX the same way they approach the issue in the § 1983 context. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir. 1995), *abrogated on other grounds by S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025) (en banc). And "borrowing" Ohio's general personal-injury limitations period does little to "frustrate or interfere with the implementation of" Title IX. *Reed v. United Transp. Union*, 488 U.S. 319, 323–24 (1989) (citation omitted). Ohio's limitations period still provides plaintiffs an opportunity to bring meritorious claims—it just prescribes the window during which those claims must be brought. And it does not affect a plaintiff's ability to bring other causes of action which are not time barred. Pryor, for example, recognizes that the twelve-year limitations period has yet to expire for a potential claim for assault or battery under Ohio law based on her sexual abuse. Ohio Rev. Code Ann. § 2305.111(C)(1).

What's more, in this case, borrowing Ohio's two-year limitations period does not impinge on the important interests of preserving claims arising from events which occurred when the plaintiff was a minor. Pryor's claim did not accrue until she turned eighteen. *See id.* § 2305.16. So applying Ohio's personal-injury limitations period does not frustrate Title IX's broad remedial purpose; instead, it helps effectuate that purpose by ensuring that victims have time to bring their claims once they reach adulthood. And Pryor neither suggests that her claims did not accrue when she turned eighteen nor argues that her claims should have been tolled. She argues only that we should ignore the similar federal interests that support analogizing Title IX and § 1983 claims for limitations purposes. In so doing, she asks that we break from every other circuit to decide this issue. Indeed, nine other circuits have determined that the forum state's personal-injury limitations period applies to Title IX claims. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (per curiam); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78 (3d Cir.

1989); *Wilmink v. Kanawha Cnty. Bd. of Educ.*, 214 F. App'x 294, 296 n.3 (4th Cir. 2007) (per curiam); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015); *Cetin v. Purdue Univ.*, 94 F.3d 647 (7th Cir. 1996) (unpublished table opinion); *Egerdahl*, 72 F.3d at 618; *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1134 (9th Cir. 2006); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1213 (10th Cir. 2014); *M.H.D. v. Westminster Schs.*, 172 F.3d 797, 803 (11th Cir. 1999). We decline Pryor's invitation to split from our sister circuits and apply an unduly granular approach to determining the applicable limitations period. In doing so, we reaffirm our previous decisions finding Ohio's two-year personal-injury limitations period applicable.[1]

## C.

The abuse Pryor alleged in her complaint occurred in 2014, when she was a minor. Her cause of action accrued when she turned eighteen in July 2015. Ohio Rev. Code Ann. § 2305.16. So, barring any assertion of tolling pursuant to the discovery rule or otherwise, *see generally Snyder-Hill*, 48 F.4th 686, she had until July 2017 to file her claim. Because she waited until January 2022, she filed her claim too late.

## III.

We AFFIRM.

---

[1]The district court was thus correct in determining that the one case Pryor cited in her favor, *Doe 1 v. Cleveland Metro. Sch. Dist. Bd. of Educ.*, 533 F. Supp. 3d 567 (N.D. Ohio 2021), was wrongly decided.